Helen F. CARTER, Plaintiff–Appellant,

v.

GREENE COUNTY, Missouri, et al., Defendants–Respondents.

No. 15582.

Missouri Court of Appeals, Southern District, Division One.

Feb. 9, 1989.

March 2, 1989.

James W. Newberry, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-appellant.

John W. Housley, Springfield, for defendants-respondents.

GREENE, Judge.

Plaintiff, Helen F. Carter, appeals from the trial court's judgment denying her relief on her two-count petition for declaratory judgment brought against defendants, Greene County, Missouri, and its county commissioners, H.C. Compton, Anna R. Mobley, and Kenneth R. Cantrell.

It is our opinion that the trial court had no jurisdiction to entertain the declaratory judgment action. Since it did not, the judgment that it entered is void.

In the first count of her second amended petition, Mrs. Carter requested a declaratory judgment that she was entitled to use real estate that she owned located in Greene County, Missouri, as a place to operate a commercial swimming and picnic facility, even though the land was situated in an area zoned A–1 Agricultural by defendants, which zoning did not allow the operation of commercial swimming pools in such areas. The swimming pool and picnic facility operation had been designated as a legal nonconforming use of the land because the swimming pool and picnic area had been commercially operated prior to the enactment of the zoning law. Mrs. Carter also requested a declaration that Greene County's agents and employees had "acted without or in excess of their authority attempting to eliminate the nonconforming use of [her] property and in denying [her] building permit application." The requested building permit was to repair, restore, and construct improvements on the Carter property relating to its use as a commercial swimming and picnic facility. The application for the permit was denied by Robert Montileone, Director of the Greene County Planning and Zoning Department. At trial, Montileone stated the reason for denial was that the nonconforming use of the property had been abandoned through nonuse for a period of one year or more, and, therefore, no commercial use of the property was permitted because of its A–1 Agricultural classification.

In the second count of her petition, Mrs. Carter alleged that the A–1 zoning regulation with respect to her property and Greene County's ratification of such by its denial of her request to rezone her property from A–1 Agricultural to C–2 General Commercial, so that she could legally operate her swimming pool business, was arbitrary, capricious, and unreasonable. Mrs. Carter requested a declaration to that effect, as well as a declaration that she was legally entitled to use her property as a commercial swimming and picnic facility.

In their answer, defendants asserted, in addition to denying plaintiff's allegations, that the petition for declaratory judgment failed to state a claim upon which relief could be granted "for the reason that Plaintiff has failed to comply with the statutory appeal procedures set forth in § 64.281(4), R.S.Mo. (1978) and § 536.110, R.S.Mo. (1978)."

The trial court, after hearing evidence, made written findings of fact and conclusions of law, and entered judgment in favor of defendants on both counts of Mrs. Carter's petition. After making 22 specific findings of fact, the trial court concluded that the nonconforming use of the property had been abandoned through nonuse on two separate occasions, first after the 1976 season and again in 1984. It also concluded that the A–1 Agricultural zoning of Mrs. Carter's property was not arbitrary or unreasonable.

There is nothing in the trial court's findings of fact, conclusions of law, and judgment, or anywhere else in the record, to show that the trial court ever considered defendants' assertion raised in their answer to plaintiff's second amended petition that declaratory judgment was not the proper remedy for an appeal from defendants' actions and orders that plaintiff now questions.

In her brief filed here, Mrs. Carter claims Greene County had not been granted by the state the restrictive power it was using to "do away with [her] established use of her property," that the county had no right "to establish a regulatory theory of abandonment in property not zoned residential," that the county had not carried its burden of proof of proving abandonment of the nonconforming use, and that the county's zoning of her property as A–1 Agricultural was arbitrary and capricious. In their responding brief, defendants did not raise the issue that Mrs. Carter had not pursued her proper method of review, but confined themselves to refuting the arguments raised by Mrs. Carter in her brief.

This court, realizing that the validity of the declaratory judgment procedure might well be the dispositive issue in the appeal, ordered the filing of supplemental briefs addressing the question of whether a declaratory judgment action was the proper method for reviewing the actions and decisions of the county commission in this case. Those briefs have been filed and considered by the court, and the issue has been orally addressed by the attorneys for the parties. Our view of the issue is as follows.

Both counts of Mrs. Carter's petition were based on complaints by Mrs. Carter regarding actions and decisions of the Greene County Commissioners and their agents in matters concerning Greene County's zoning regulations, and their application of those regulations to her requests to have her property rezoned and to obtain a building permit. Greene County, Missouri is a class one county, and does not have a charter form of government. Statutes pertaining to zoning and planning in such counties are contained in §§ 64.211 to 64.-295, as amended. Section 64.281.4 provides that "[a]ny person aggrieved by any decision of the county board of zoning adjustment, or of the county court, or of any officer, department, board or bureau of the county," may obtain judicial review of such decision by presenting "to the circuit court having jurisdiction in the county in which the property affected is located, a petition in the manner and form provided by section 536.110, RSMo." The statutes pertaining to the review of administrative decisions, such as were made by the county commissioners and agents in this case, are contained in Chapter 536 of the Missouri Statutes. Section 536.110.1 provides that "[p]roceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision." Section 536.130.1 provides that plaintiff has the burden of filing with the circuit court the record on which the administrative agency's decision was based, which record shall consist of any one of the following:

(1) Such parts of the record, proceedings and evidence before the agency as the parties by written stipulation may agree upon;

(2) An agreed statement of the case, agreed to by all parties and approved as correct by the agency;

(3) A complete transcript of the entire record, proceedings and evidence before the agency. Evidence may be stated in either question and answer or narrative form. Documents may be abridged by omitting irrelevant and formal parts thereof. Any matter not essential to the decision of the questions presented by the petition may be omitted. The decision, order and findings of fact and conclusions of law shall in every case be included.

The scope of judicial review of the administrative decisions is set out in § 536.140, which reads as follows:

1. The court shall hear the case without a jury and, except as otherwise provided in subsection 4, shall hear it upon the petition and record filed as aforesaid.

2. The inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

The scope of judicial review in all contested cases, whether or not subject to judicial review pursuant to sections 536.-100 to 536.140, and in all cases in which judicial review of decisions of administrative officers or bodies, whether state or local, is now or may hereafter be provided by law, shall in all cases be at least as broad as the scope of judicial review provided for in this subsection; provided, however, that nothing herein contained shall in any way change or affect the provisions of sections 311.690 [1] and 311.-700 [1], RSMo.

3. Whenever the action of the agency being reviewed does not involve the exercise by the agency of administrative discretion in the light of the facts, but involves only the application by the agency of the law to the facts, the court may weigh the evidence for itself and determine the facts accordingly. The law applied by the agency as aforesaid may include the agency's own rules. In making such determination the court shall give due weight to the opportunity of the agency to observe the witnesses, and to the expertness and experience of the particular agency.

4. Wherever under subsection 3 or otherwise the court is entitled to weigh the evidence and determine the facts for itself, the court may hear and consider additional evidence if the court finds that such evidence in the exercise of reason-

able diligence could not have been produced or was improperly excluded at the hearing before the agency. Wherever the court is not entitled to weigh the evidence and determine the facts for itself, if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence. The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record.

5. The court shall render judgment affirming, reversing, or modifying the agency's order, and may order the reconsideration of the case in the light of the court's opinion and judgment, and may order the agency to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in the agency.

6. Appeals may be taken from the judgment of the court as in other civil cases.

---

[1] Repealed.

Appellate review of the trial court's judgment in such cases is limited to a determination of whether the agency's decision was supported by competent and substantial evidence on the whole record, or whether such decision was arbitrary, capricious, unreasonable, or an abuse of discretion. *Ross v. Robb*, 662 S.W.2d 257, 259 (Mo. banc 1983).

We note first, however, that none of the statutory procedures relative to judicial review of administrative decisions were followed in this case. Mrs. Carter attempts to justify such failure by stating that since her complaint concerned the application of an agency rule, in this case Article III, Section 8(G) of the Greene County Zoning Regulations which states that "[n]o building, structure or premises where a non-conforming use has ceased for one (1) year or

more shall again be put to a non-conforming use," such fact justified bypassing administrative review and proceeding with a declaratory judgment action seeking a declaration that the regulation, which plaintiff's attorney refers to as a rule, was invalid. As authority, plaintiff cites § 536.050.1, which states:

> The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented....

Even if this theory were correct, it could only apply to count one of the petition which involved the denial of the building permit, as the regulation in question had no bearing on the county commission's refusal to change the zoning classification of plaintiff's land, which refusal was the basis for the complaint made in Count II of Mrs. Carter's petition. However, the theory is inapplicable to either count of the petition, as Mrs. Carter's reliance on § 536.050.1 is misplaced. The same argument urged by Mrs. Carter here was used in *American Hog Company v. County of Clinton*, 495 S.W.2d 123 (Mo.App.1973). In that case, plaintiff sought a declaratory judgment that it had a right to operate a hog-feeding farm as a nonconforming use under the Clinton County Zoning Order and Subdivision Regulations. Defendant county moved to dismiss the petition on the ground that plaintiff had failed to use the proper review procedure, and also filed an answer denying the allegations on the basis of which plaintiff claimed a continuing right to a nonconforming use. The trial court did not rule on the motion to dismiss, but, after hearing evidence, ruled for the county upon finding that plaintiff lost its right to the nonconforming use by reason of having discontinued such use for a peri-

od of one year, which discontinuance constituted abandonment under the provisions of § 16, Item 3 of the Clinton County Zoning Order and Subdivision Regulations.

On appeal, plaintiff claimed there was no evidence to support the trial court's finding of an intention to abandon the nonconforming use of the property, and that the county had failed to carry its burden of proof of showing abandonment. The county's brief joined issue on these matters without making any contention regarding the matter raised in its motion to dismiss which was not ruled on by the trial court.

After observing that a review of the record indicated that the findings of the trial court were supported by the evidence and that affirmance of the judgment on the merits was warranted, the appellate court said that plaintiff's failure to follow the statutory procedure specially provided by the legislature for review of decisions on zoning matters by county officials was a jurisdictional defect of which the courts must take cognizance, sua sponte if necessary.

The appellate court went on to state that the proper procedure for review of the action of the Clinton County Planning Commission, which had advised plaintiff that its hog-feeding operation was in violation of the Clinton County Zoning Order and Subdivisions Regulations, was contained in § 64.660,[1] and that plaintiff had not followed that procedure. The opinion stated that plaintiff claimed (evidently in its declaratory petition since the matter was not briefed on appeal) that the procedural route it took was authorized by §§ 536.050 and 527.020. After holding that the declaratory judgment action was not authorized by either of those sections the appellate court stated:

> With regard to § 536.050, declaratory judgments are authorized thereunder respecting the validity of an administrative 'rule' or a threatened application thereof. The term 'rule' is specially defined in

---

1. Clinton County is a class two or three county. In such counties, the review of county commission decisions on zoning matters is to be in the manner prescribed in § 64.660. In this case, Greene County, being a first class county not having a charter form of government, has its review procedure prescribed in § 64.281.4. The review procedures for the respective counties are very similar.

§ 536.010(4) [V.A.M.S. § 536.010(2)] as including every regulation 'of general application and future effect.' The definition in that subsection (4) [V.A.M.S. subsection (2)] stands in contrast to the definition of 'contested case' in subsection (2) [V.A.M.S. subsection (3)], which is defined as 'a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing; * * *' These definitions are substantially identical to those set forth in Rule 100.01.

The determination and order by the Clinton County Planning Commission on September 14, 1970, was part of a 'contested case' rather than a mere 'order' within the meaning of the above definitions. Accordingly, plaintiff's action in filing this declaratory judgment suit was not within the authorization of § 536.050. While the Administrative Procedure Act and Rule 100 do set forth special procedures for review of a 'contested case,' those provisions are not pertinent here since § 536.100 and Rule 100.03 provide that these provisions are inapplicable if 'some other provision for judicial review is provided by statute'; and § 64.660 does make 'other provision'.

Nor is the present declaratory judgment suit authorized under the general Declaratory Judgment Act, § 527.020. The declaratory judgment procedure cannot be used where a different specific statutory method of review is provided. Thus, 26 C.J.S. Declaratory Judgments § 20, p. 89 states:

'As a general rule where a statute provides a special form of remedy for a specific type of case, the statutory remedy must be followed, and under such circumstances a declaratory judgment will not be granted.'

And in 73 C.J.S. Public Administrative Bodies and Procedures § 44, p. 359 [478], it is said that 'A declaratory judgment action should not be allowed to replace an administrative procedure prescribed by statute.' Similarly, in 2 Am.Jur.2d, Administrative Law, § 712, p. 614, it is stated:

'Where a statute relating to the administrative agency provides a direct method of judicial review of agency action and is applicable, such method of review may be regarded as exclusive and to preclude the use of any other or nonstatutory method, at least in ordinary cases, particularly where * * * the statutory remedy is regarded as plain, speedy, and adequate.'

So also in 22 Am.Jur.2d, Declaratory Judgments, § 31, p. 881, it is stated that: 'Where appeal from the action of an administrative body is provided by statute or otherwise, a remedy by way of declaratory judgment will be denied.'

The principle to be applied here is essentially the same as that where a party seeks to escape the limitations of a special type of statutory review by trying to resort to the appeal provisions contained in the Administrative Procedure Act, Chapter 536 and Rule 100. The Missouri courts have consistently held that this may not be done and that the special statutory method of appeal is exclusive. *Cohen v. Ennis,* 314 S.W.2d 239, l.c. 244 (Mo.App.1958) (a zoning case); *Brogoto v. Wiggins,* 458 S.W.2d 317, l.c. 319 (Mo. 1970).

Although the administrative proceedings before the zoning authorities were not introduced as part of the record in the circuit court, the County's motion to dismiss in the trial court does set forth the facts which tend to explain why plaintiff has not followed the statutory procedure of § 64.660, but has instead been forced to the alternative of a suit for declaratory judgment. The County's motion to dismiss, which is part of the record, states that following the Planning Commission's ruling of September 14, 1970, plaintiff made an application on November 11, 1970, for a change in zoning classification of its farm from agricultural to commercial use in order to allow confinement feeding. It was only after that application for zoning change had been denied that plaintiff attempted on May 11, 1971, to appeal the earlier ruling of September 14, 1970, regarding the status of the farm as being of nonconforming use. By the latter date, when plaintiff did attempt an appeal con-

cerning the issue of nonconforming use, more than three months had passed so that the maximum time provided for the filing of a review under § 64.660 had already elapsed.

There is considerable doubt whether these facts can properly be considered since appropriate evidence in support is not contained in the transcript on appeal, nor even in the record of the court below. Nevertheless, even if these facts were to be considered as being in the nature of admissions by the County, they would not constitute a sufficient basis upon which it could be held that the statutory method of review under § 64.660 was inadequate. *Goldman v. Planning Board of Burlington,* 347 Mass. 320, 197 N.E.2d 789 (1964) is precisely in point. In that case the court held that the principle applies 'that in the absence of special circumstances it is improper to give declaratory relief where an administrative remedy was unavailable because it had not been pursued within the time prescribed.'

The cause is remanded with directions to dismiss plaintiff's petition.

We believe that the declarations of law set forth in *American Hog* are applicable here, as the facts there are almost identical to the facts in the present case.

Inasmuch as Mrs. Carter did not avail herself of the statutory procedure for judicial review of the administrative decisions in question, the trial court had no jurisdiction to hear evidence and enter judgment in the declaratory judgment case. Therefore, the judgment entered is void. *Schneider v. Sunset Pools of St. Louis, Inc.,* 700 S.W.2d 137, 138 (Mo.App.1985). The judgment is remanded to the trial court with instructions to set aside its judgment, and to dismiss plaintiff's petition.

The appeal is dismissed.

HOLSTEIN, C.J., and CROW, P.J., concur.