**FARMER'S STONE PRODUCTS CO., et al., Appellant,**

v.

**Bill HOYT, Presiding Commissioner, et al.,**

**and**

**Don K. James, et al., Respondents.**

**No. WD 53076.**

Missouri Court of Appeals,
Western District.

Aug. 19, 1997.

Rehearing Denied Sept. 30, 1997.

Mark R. Warnick, Shirley W. Keeler, Blackwell, Sanders, Matheny, Weary & Lombardi, L.C., for appellants.

James G. Trimble, Parkville, for respondents.

Before ULRICH, C.J., P.J., and HANNA and EDWIN H. SMITH, JJ.

ULRICH, Chief Judge, Presiding Judge.

Farmer's Stone Products Company (Farmer's) appeals the trial court's dismissal of it's petition for declaratory judgment brought against the Livingston County Commission and the Livingston County Zoning Administrator. The declaratory judgment action sought determination that a landfill operated by Farmer's could continue operation as a legal nonconforming use without Farmer's being required to obtain a conditional use permit. The petition was dismissed by the trial court on the ground that it was not the appropriate vehicle to request review of the issue.

The judgment of the trial court is affirmed.

## FACTS

In 1966, Trager Stone, Inc. and Trager Quarries, Inc. entered into a general partnership (Stone–Trager) and purchased 318 acres of land located in Livingston County. Thirty-five acres of the property was leased by Farmer's to operate a landfill for the disposal of non-hazardous waste. The remaining property was employed as a rock quarry.

In 1972, Livingston County adopted its first permanent zoning regulations under sections 64.510 et seq., RSMo. The Stone–Trager property was zoned "A Agriculture" under Livingston County's zoning regulations. The zoning regulations provided, "the lawful use of a building or structure existing at the time of the effective date of the new zoning ordinance may be continued, although such use does not conform to the provisions of this report." The regulations further stated, "an existing lawful use which is listed herein as a special use exception, and which is located in a district in which special use exception may be permitted, should be considered a conforming use."

In 1973, the Missouri Legislature enacted the Missouri Solid Waste Management Act (Waste Act) requiring that waste disposal sites obtain state permits to operate. Farmer's was granted a permit to operate the landfill on the Stone–Trager property in January 1974.

Livingston County enacted a new zoning ordinance incorporating its 1972 regulations in 1988. Stone–Trager also filed for bankruptcy reorganization. Livingston County then adopted a land development plan in 1991 showing the Stone–Trager property as a landfill on a map entitled "Future Land Use Plan." During the same year, the Missouri Department of Natural Resources cited Farmer's for violation of the Waste Act.

Beginning in the spring of 1992, the Trager companies began negotiating with a third party for the sale of Farmer's stock and the lease of the landfill. To finalize the proposed sale, attorneys for the Trager entities contacted the Livingston County Commission to verify that the landfill was in compliance with the county ordinances. Bill Hoyt, the presiding commissioner, responded on November 10, 1992, stating that the landfill needed to obtain a "non-conforming use" designation under the county's 1988 zoning ordinances. The three-member Commission held a public meeting on November 16, 1992, and voted unanimously to grandfather the landfill as an industrial use. Farmer's, therefore, was not required to obtain an non-conforming use certificate.

The Trager entities entered into a consent agreement with the state agreeing to sell Farmer's stock to the third party buyer in February 1993. The agreement was approved by the United States Bankruptcy Court. The new owner subsequently entered into a long-term lease of the landfill facility with Stone–Trager and invested monies to bring the landfill into compliance with state regulations.

The Livingston County Zoning Administrator (Administrator) issued a notice of violation to Farmer's in November 1993, asserting that it was not in conformity with zoning requirements. Farmer's unsuccessfully appealed the zoning violation to the Board of Zoning Adjustment (BZA). Farmer's filed a petition for writ of certiorari in the Livingston County Circuit Court on October 27, 1994, seeking review of the BZA's decision upholding the Administrator's determination that the landfill operation was not a legal nonconforming use.

Farmer's and Stone–Trager also filed this declaratory judgment action in the Livingston County Circuit Court on December 30, 1994, naming as parties the Commission and the Administrator. The petition sought a declaration that the landfill operated by Farmer's could continue operation as a legal nonconforming use without obtaining a conditional use permit. A group of nine landowners (Landowners) was permitted to intervene as defendants on July 5, 1996. The circuit court entered an order dismissing the declaratory judgment petition on January 16, 1996, ruling that the writ of certiorari and the declaratory judgment action were duplicitous and that the issue would be properly resolved with a writ of certiorari. This appeal followed.

## JURISDICTION

On appeal, Farmer's contends that the trial court erred in dismissing its petition for declaratory judgment based on its lack of jurisdiction.[1] It argues that it did not seek review of the decision of the Livingston County Administrator or the BZA, which would be properly reviewed under the procedures set forth in section 64.660, RSMo 1994, but, instead, sought review of the November 16, 1992 action of the Commission that established the status of its landfill operation as a nonconforming use. Farmer's claims that no administrative procedure exists for such review, and, thus, the action was properly raised by a petition for declaratory judgment.

The Respondent Commission and Landowners, however, claim that the denial of Farmer's proposed use of the property as a landfill, by which Farmer's was aggrieved and about which Farmer's ultimately complains, is subject to review only under section 64.660, RSMo 1994. They argue, therefore, the declaratory judgment action, in which the issues are nearly identical to those in the petition for writ of certiorari, was properly dismissed.

■ Where the legislature provides a method of review, failure to follow that procedure is jurisdictional. *Hart v. Board of Adjustment of City of Marshall,* 616 S.W.2d 111, 115 (Mo.App.1981)(quoting *Gothard v. Spradling,* 586 S.W.2d 443, 445 (Mo.App. 1979)). "When a statute provides a special type of review it is exclusive so as to preclude the use of any other or nonstatutory method." *Id.* at 116. Thus, if an alternative statutory method of review exists, a declaratory judgment action is not permissible. *Carter v. Greene County,* 765 S.W.2d 665, 671 (Mo.App.1989); *American Hog Co. v. County of Clinton,* 495 S.W.2d 123, 126–127 (Mo.App.1973).

■ Section 64.660, RSMo 1994, prescribes the procedure for review of a ruling of an administrative officer in administering a county zoning ordinance. § 64.660.1, RSMo

1994. The statute provides that any owner, lessee or tenant of land or public officer, department, board or bureau affected by any decision of an administrative officer may appeal the decision to the BZA. *Id.* The BZA is granted the following powers and duties by section 64.660.1:

(1) To hear and decide appeals where it is alleged there is error of law in any order, requirement, decision or determination made by an administrative official in the enforcement of the county zoning regulations;

(2) To hear and decide all matters referred to it or which it is required to determine under the zoning regulations adopted by the county commission as herein provided;

(3) Where, by reason of exceptional narrowness, shallowness, shape of topography or other extraordinary or exceptional situation or condition of a specific piece of property, the strict application of any regulation adopted under sections 64.510 to 64.695 would result in peculiar and exceptional difficulties to or exceptional and demonstrable undue hardship upon the owner of the property as an unreasonable deprivation of use as distinguished from the mere grant of privilege, to authorize, upon an appeal relating to the property, a variance from the strict application so as to relieve the demonstrable difficulties or hardships, provided the relief can be granted without substantial detriment to the public good and without substantially impairing the intent, purpose, and integrity of the zone plan as embodied in the zoning regulations and map.

§ 64.660.1(1), RSMo 1994. Any owners, lessees, or tenants or board, commission or other public official aggrieved by any decision of the BZA or county commission may appeal the decision to the circuit court by filing a petition for writ of certiorari. § 64.660.2, RSMo 1994.

In this case, the Administrator cited Farmer's for violation of the county's zoning regulations. The Administrator found that the

---

1. Farmer's raises another point of error regarding equitable estoppel in its brief. Because the dispositive issue in the case is the trial court's jurisdiction, the equitable estoppel point need not be addressed.

landfill operation was not a legal nonconforming use despite the Commission's recognition of the landfill as such a year earlier. Farmer's then appealed the Administrator's finding to the BZA under section 64.660, RSMo 1994. At the hearing before the BZA, Farmer's had the opportunity to raise its equitable estoppel claim as it applied to the Administrator's finding regarding the Commission's prior indication that the landfill was grandfathered in as an industrial use.[2] Ultimately, the BZA upheld the Administrator's determination, and Farmer's was aggrieved by the decision.

Section 64.660.2 then provided Farmer's with a procedure to review the BZA's decision by filing a petition for writ of certiorari with the circuit court. If still dissatisfied, an appeal to this court was available. Farmer's, in fact, followed the prescribed procedure and filed a petition for writ of certiorari with the Livingston County Circuit Court. It also filed this action for declaratory judgment raising the same issues. Section 64.660, RSMo 1994, provided an adequate method of review of the nonconforming use issue. The effect of the Commission's November 16, 1992 action on the Administrator's designation of a legal nonconforming use under the zoning regulations was properly reviewable under the statute. The declaratory judgment action, therefore, was impermissible, and the trial court did not err in dismissing the cause.

The judgment of the trial court is affirmed.

All concur.

---

2. Whether Farmer's raised this claim before the BZA is unclear. The record on appeal does not contain a record of the BZA proceedings.