STATE of Missouri ex rel. FREEWAY MEDIA, L.L.C., a Missouri Limited Liability Co., Respondent,

v.

CITY OF KANSAS CITY, Missouri, a Municipal Corporation, and Richard H. Usher, Division Manager of Permits, Codes Administration Department for the City of Kansas City, Missouri, Appellants.

No. WD 56945.

Missouri Court of Appeals, Western District.

Feb. 1, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 2000.

Robert M. Modeer, Kansas City, for Respondent.

Douglas M. McMillan, Kansas City, for Appellants.

Before: SMART, P.J., and ELLIS and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Richard H. Usher, in his capacity as Division Manager of Permits in the Codes Administration Department for the City of Kansas City, Missouri, and the City of Kansas City, Missouri, appeal from the trial court's default judgment for the respondent, Freeway Media, L.L.C., as to its action for declaratory judgment and writ of mandamus with respect to the denial of their applications for two permits for outdoor advertising signs on Bruce R. Watkins Drive in Kansas City, Jackson County, Missouri.

The appellants assert three points on appeal. In Point I, the appellants claim, "The trial court erred by asserting jurisdiction when venue was not proper in Clay County because the trial court lacked jurisdiction over this case in that the proper venue for this action is Jackson County and not Clay County." In Point II, they claim, "The trial court erred by entering a judgment on the merits without notice or hearing because the appellants were entitled under due process to notice and a hearing prior to the entry of judgment in that no notice or hearing were given to appellants." In Point III, the appellants claim, "The trial court erred by entering a default judgment because the appellants filed their answer prior to the entry of the judgment and they were not in default for failure to answer as appellants filed their answer prior to the entry of the judgment."

We reverse and remand to the circuit court for dismissal for lack of jurisdiction.

### Facts

Given our disposition of the appeal on procedural grounds, a truncated version of the facts will suffice.

The respondent is a Missouri limited liability company comprised of Robert Modeer and Phillip Snowden. Sometime in early 1998, it filed three applications with the Missouri Department of Transportation (MoDOT) for state permits to erect outdoor advertising signs at three locations adjacent to Route 71, between 16th and 18th Streets, along Troost and Campbell, located in Kansas City, Jackson County, Missouri, known as Bruce R. Watkins Drive (the freeway), which was under construction by the state. For purposes of issuing outdoor advertising permits, it is classified in the state highway system as a freeway primary highway. The three locations, for which the respondent sought permits, were at 1066 E. 16th Street, 1700 Campbell, and 1712 Troost. The state permits were denied because MoDOT determined that by state law it could not

issue permits for the freeway until it was complete and open for traffic. The respondent appealed, and on April 20, 1998, MoDOT ruled that it was without jurisdiction to issue the permits requested, until the freeway was complete and open for traffic.

On April 20, 1998, the respondent proceeded to apply for the necessary city permits for the erection of the signs in question. On May 20, 1998, the respondent was notified by Usher that the city could not issue the requested permits until the necessary state permits were issued. In addition, he advised that the city "cannot hold applications in line pending issuance of the State permit." This was in response to an inquiry by the respondent concerning the priority to be given to the issuance of permits with respect to applications already on file with the city. In this respect, prior to the time the respondent had filed its city applications, two competing applicants had filed applications for city permits with respect to locations at 918 E. 18th Street and 1810 Troost, which were within 800 feet of the 16th Street and Troost locations of the respondent, which violated the city's spacing requirement for signs. These competing applications were initially denied on the same basis as the respondent's.

On May 27, 1998, unlike the competing applicants, the respondent appealed the decision of the city not to issue permits, until the state permits were issued, to the Building and Fire Codes Board of Appeals (the board), as required by city ordinance. A hearing before the board was set for June 23, 1998. Prior to the hearing, city permits were issued on June 19 and 22, 1998, to the competing applicants for the locations at 918 E. 18th Street and 1810 Troost. According to the appellants, it was determined that their initial assessment, that city permits could not be issued until the state permits were issued, was incorrect. By allowing the competing permits, the permits requested by the respondent for the 16th Street and Troost loca-

tions could not be issued, unless variances were granted with respect to the city's code requirement that signs be erected no closer than 800 feet.

On July 24, 1998, after the hearing on June 23, the respondent was notified that the board had granted its appeal requesting the issuance of the three permits, but conditioned the issuance of the permits for the 16th Street and Troost locations on the respondent's receiving variances from the Kansas City Board of Zoning Adjustment (the BZA) as to the code requirement that signs be at least 800 feet apart. The respondent did not appeal the decision of the board conditioning the issuance of permits for these two locations on the receipt of the necessary variances from the BZA. On August 11, 1998, the BZA denied the requested variances. The respondent did not appeal this decision.

On August 14, 1998, the respondent filed a petition in the Circuit Court of Clay County seeking a writ of mandamus against Usher, requiring him to issue sign permits for the locations on 16th Street and Troost. The respondent alleged that, under the city's ordinances and building and permit requirements, upon receipt of the respondent's complete and lawful permit applications, it was required by law to issue the permits requested by the respondent, which it did not do. That same day, the court issued a preliminary writ in mandamus ordering Usher to issue the permits.

On September 2, 1998, Usher filed a motion to vacate or dissolve the preliminary writ and to dismiss respondent's petition for lack of jurisdiction due to improper venue, contending that venue was proper in Jackson County. The following day, the trial court heard evidence by the respondent on its petition for a permanent writ. Usher did not appear, and the trial court issued a permanent writ ordering him to issue the permits. On September 4, 1998, after learning of the trial court's action, Usher filed a motion to vacate and set aside the permanent writ for lack of

notice. On September 21, 1998, a hearing was held on Usher's motions to dissolve the writ and to dismiss for lack of jurisdiction. The trial court granted the motion to dissolve the writ, but took under advisement the motion to dismiss.

On September 28, 1998, ostensibly to correct the venue issue raised by Usher, the respondent filed a motion for leave to file its attached amended petition, adding the City of Kansas City as a party defendant. On November 9, 1998, over Usher's objection, the court granted the respondent leave to file its first amended petition. In its first amended petition, the respondent sought in Count I a declaratory judgment against the city, declaring that the city's "failure to issue the permits [ ][was] in violation of the ordinances and administrative procedures of the City of Kansas City Missouri." In Count II, it sought a writ of mandamus against Usher, requiring him "to issue permits for [the respondent] at 1700 Campbell and 1712 Troost."

On November 30, 1998, the appellants filed a motion to dismiss the respondent's amended petition for lack of jurisdiction. A hearing was held on the motion on January 6, 1999, after which the trial court overruled the motion. The appellants were ordered to file their answer to the amended petition on or before January 13, 1999. On January 25, 1999, the appellants filed their answer to the respondent's first amended petition. On January 28, 1999, the appellants moved for leave to file an answer out of time, which was denied. On January 29, 1999, the trial court, without hearing, entered, pursuant to Rule 74.05(a),[1] a default judgment for the respondent on its petition against the city for declaratory judgment and on its petition against Usher for a writ of mandamus. Pursuant to Rule 74.05(d), the appellants filed a motion to vacate and set aside the

judgment on February 2, 1999, which the trial court overruled on February 18, 1999.

This appeal follows.

# I.

■■■ Before addressing the merits of the appellants' claims on appeal, we are required to determine, *sua sponte*, our jurisdiction. *Sumnicht by Sumnicht v. Sackman,* 968 S.W.2d 171, 174 (Mo.App.1998). Our jurisdiction is predicated on the trial court's having jurisdiction to enter its default judgment for the respondent. *Id.* If, in fact, the trial court lacked jurisdiction with respect to the respondent's action brought below, then any judgment entered thereon would be void, including its default judgment for the respondent, depriving us of jurisdiction, except to reverse the judgment and remand the cause for dismissal by the trial court. *Two Pershing Square, L.P. v. Boley,* 981 S.W.2d 635, 639 (Mo. App.1998).

**Rule 74.05(a)** provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party. The entry of an interlocutory order of default is not a condition precedent to the entry of a default judgment.

Here, there is no dispute that the appellants failed to timely file their answer to the respondent's first amended petition, which was due on January 13, 1999, having filed their answer on January 25, 1999. As such, they were in default. However, because we find that the trial court did not have jurisdiction to enter judgment for the respondent on its action for declaratory judgment and a writ of mandamus, for the reasons discussed, *infra,* its default judgment for the respondent was void.

---

**1.** All rule references are to Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

As stated, *supra*, the record reflects that the respondent's applications for issuance of the two outdoor advertising sign permits in question were denied by Usher in his capacity as Division Manager of Permits in the Codes Administration Department for the City of Kansas City, Missouri. The denials were appealed by the respondent, pursuant to applicable ordinances, to the board, which reversed the denials as to all three permits requested. However, the issuance of the two permits for the locations on 16th Street and Troost were strictly conditioned upon variances being granted to the respondent by the BZA, allowing the erection of the respondent's proposed signs within 800 feet of the signs for which city permits had already been issued. The BZA, being aware of the purpose and the reasons for the variances, denied them, effectively resulting in the denial of the respondent's permits. However, in an attempt to obtain the permits, the respondent neither appealed the decision of the board nor the BZA. Rather, it chose to file its action below. This it could not do in that the circuit court lacked subject matter jurisdiction to entertain it.

"[T]he declaratory judgment act, while it is to be interpreted liberally, is not a general panacea for all real and imaginary legal ills, nor is it a substitute for already existing remedies." [*Schierding v. Missouri Dental Bd.*, 705 S.W.2d 484, 487 (Mo.App.1985).] A declaratory judgment "should be used with caution and, except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists." *Id.* The same is true for a writ of *mandamus*. A writ of *mandamus* is an extraordinary remedy and " 'ought to be reserved for those cases in which no alternative measure will be effective.' " *State ex rel. KelCor, Inc. v. Nooney Realty Trust, Inc.*, 966 S.W.2d 399, 402 (Mo.App.1998) (quoting

*State ex rel. Kelley v. Mitchell*, 595 S.W.2d 261, 266 (Mo. banc 1980)).

*Shelton v. Farr*, 996 S.W.2d 541, 543 (Mo. App.1999). The declaratory judgment procedure, provided for in the Declaratory Judgment Act, § 527.020,[2] cannot be used where a different specific statutory method of review is provided. *Earls v. Majestic Pointe, Ltd.*, 949 S.W.2d 239, 242–43 (Mo. App.1997); *Carter v. Greene County*, 765 S.W.2d 665, 670 (Mo.App.1989).

At the time the board made its decision requiring the three city permits to be issued, but conditioning issuance of two of the three on the respondent's receiving the variances from the BZA, the respondent was obviously aware of the fact that its failure to obtain them would result in the denial of these two permits. In addition, it was its position throughout that it was entitled to the issuance of all three permits without the condition precedent of obtaining variances from the BZA. Consequently, as to the board's decision, it was an aggrieved party free to seek judicial review as provided by city ordinance, or if none was provided, pursuant to § 536.140 as a contested case, which it chose not to do. This could have been done while still pursuing the necessary variances from the BZA. If the variances were subsequently granted, the appeal could then have been dismissed as being moot. In any event, because the respondent had available other remedies at law to address the denial of its permits, it could not resort to a declaratory judgment action against the city or Usher, rendering the default judgment of the trial court void for lack of subject matter jurisdiction. *Anderson v. Division of Child Support Enforcement*, 995 S.W.2d 546, 549 (Mo.App.1999); *Earls*, 949 S.W.2d at 242–43; *Carter*, 765 S.W.2d at 670. "[A] default judgment, being void due to lack of jurisdiction, remains void forever and any kind of proceeding to cancel it is proper." *Hill Behan Lumber Co. v. Bankhead*, 884 S.W.2d 318, 322 (Mo.App.1994).

---

2. All statutory references are to RSMo 1994, unless otherwise indicated.

As to the decision of the BZA, the exclusive remedy available to the respondent for judicial review was under § 64.870.2, which provides, in pertinent part, that a party aggrieved by a decision of the BZA

> may present to the circuit court of the county in which the property affected is located,[3] a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. Upon the presentation of the petition the court shall allow a writ of certiorari directed to the board of adjustment. . . .

Inasmuch as the respondent here failed to avail itself of the exclusive statutory procedure provided for in § 64.870.2, the trial court lacked jurisdiction to enter judgment in the declaratory judgment action below, rendering void its default judgment with respect thereto. *Earls*, 949 S.W.2d at 242–44; *Carter*, 765 S.W.2d at 671.

The trial court's default judgment with respect to the issuance of a writ of mandamus requiring Usher to issue the permits would also be void in that mandamus was not appropriate unless the respondent's declaratory judgment action was first successful. This is so in that the law is well settled that mandamus does not confer a right, but only works to enforce a right already established or declared. *State ex rel. Missouri Growth Ass'n v. State Tax Comm'n*, 998 S.W.2d 786, 788 (Mo. banc 1999).

Inasmuch as the trial court's default judgment for the respondent was void for lack of jurisdiction, we lack jurisdiction except to reverse the trial court's default judgment and remand the cause for it to dismiss the respondent's action for declaratory judgment and for a writ of mandamus. *Two Pershing Square*, 981 S.W.2d at 639.

3. We would note that this section would require the appeal of the BZA's decision to be filed in Jackson County, where the land in question was located, rather than Clay County, the county of choice of the respondent for resolving this dispute.

### Conclusion

The default judgment of the circuit court for the respondent is reversed and the cause remanded to it with directions to enter an order dismissing its cause of action for declaratory judgment and writ of mandamus for lack of jurisdiction, all in accordance with this opinion.

SMART, P.J., and ELLIS, J. concur.