Barbara RICHMAN, Appellant,

v.

John COUGHLIN, Respondent.

No. WD 60155.

Missouri Court of Appeals,
Western District.

May 14, 2002.

Joseph R. Borich III, Leawood, for Appellant.

Gerald L. Thompson, Kansas City, for Respondent.

Before ELLIS, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Barbara Richman appeals from the circuit court's denial of her motion to set aside the dismissal of her petition for damages and equitable relief against the respondent, John Coughlin, for breach of contract, conversion, and negligent infliction of emotional distress.

In her sole point on appeal, the appellant claims that the "trial court erred in not granting [her] motion to set aside unauthorized statement of dismissal and order of dismissal because it abused its discretion in that the appellant demonstrated uncontroverted evidence in support of

good cause under Mo.R. Civ., P. 74.06(b)."[1]

Dismissed for lack of jurisdiction and remanded.

## Facts

The parties signed a real estate contract on July 5, 2000, which provided that the respondent would sell property located at Lake Lotawana, Missouri, to the appellant for $100,000. The respondent did not complete the sale of the property to the appellant because he claimed that she had not obtained the necessary financing to purchase the property as agreed.

On September 25, 2000, the appellant filed a petition in the Circuit Court of Jackson County claiming breach of contract, conversion, and negligent infliction of emotional distress by the respondent. In her petition, the appellant not only sought actual and punitive damages, but specific performance of the real estate contract and injunctive relief seeking to restrain the respondent from selling the subject property to a third party. The appellant filed an amended petition on October 24, 2000, with the respondent filing his answer thereto on November 10, 2000. On March 9, 2001, the trial court entered an order, pursuant to Rule 17, requiring the parties to participate in mediation.

The court-ordered mediation occurred on March 20, 2001, at which the parties appeared along with their respective attorneys. The mediation continued throughout the day, until the parties agreed to a written settlement agreement, whereby the respondent agreed, *inter alia*, to pay the appellant $8,000 in return for her dismissing, with prejudice, her lawsuit. The following day, March 21, 2001, the appel-

---

1. All rule references are to the Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

lant filed a letter with the trial court, addressed to the trial judge, in which she claimed that she was coerced into signing the settlement agreement and that she still wanted to go to trial on her case. The next day, March 22, 2001, the appellant's then attorney of record, William G. Cownie, filed a statement of dismissal in the trial court, voluntarily dismissing, with prejudice, the appellant's cause of action.

On April 5, 2001, the trial court signed an order which indicated that the appellant's case against the respondent was dismissed, per the statement of dismissal, by agreement of the parties, with court costs to be taxed against the appellant. Approximately one week later, on April 13, 2001, the appellant filed a *pro se* motion requesting the trial court to set aside the dismissal of her petition because she had not authorized her attorney to dismiss, which motion was overruled on April 23, 2001, without a hearing. The next day, new trial counsel for the appellant, Joseph R. Borich, III, filed a "Motion for Relief from Judgment and Order of Dismissal." This motion was not ruled upon prior to the appellant's filing her notice of appeal with this court on May 2, 2001. The appeal was subsequently dismissed by this court on June 1, 2001, because there was no order that was final or otherwise appealable pursuant to § 512.020 [2] and Rule 74.01(a).

After the dismissal of her appeal, the appellant filed "Post Appeal Supplemental Motion to Set Aside Order of Dismissal and Motion for Rehearing on the Merits."

On June 18, 2001, without any hearing being held, the trial court entered a "judgment" denying both the appellant's "post appeal" motion and her motion of April 24, 2001, on the basis that the court lacked jurisdiction over the appellant's case to act on her motions after the voluntary dismissal of her petition.

This appeal follows.

## I.

In her sole point on appeal, the appellant claims that the "trial court erred in not granting [her] motion to set aside unauthorized statement of dismissal and order of dismissal because it abused its discretion in that the appellant demonstrated uncontroverted evidence in support of good cause under Mo.R. Civ., P. 74.06(b)." Essentially, in her claim she is contending that there were two dismissals of her petition, both of which she sought to set aside: (1) a voluntary dismissal with prejudice by her trial counsel, filed to effectuate the mediation settlement; and (2) an involuntary dismissal by the trial court. In her claim she is attacking both dismissals, contending that they should have been set aside by the trial court in that the voluntary dismissal with prejudice by her purported attorney of record was unauthorized and the trial court's dismissal was subject to being set aside, pursuant to Rule 74.06(b), for "good cause shown." [3]

■ Before we can address the merits of the appellant's claim, we are required first to determine, *sua sponte*, our jurisdic-

---

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

**3.** Rule 74.06(b) reads:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore de-

nominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

tion. *State ex rel. Freeway Media, L.L.C. v. City of Kansas City*, 14 S.W.3d 169, 172 (Mo.App.2000). In "denying"[4] the appellant's motions to set aside, the trial court found, in its June 18, 2001, "judgment," that it was without jurisdiction to act on the motions in that the appellant had voluntarily dismissed her petition with prejudice. If we find that the trial court's ruling as to its lack of jurisdiction is correct, then this court would lack jurisdiction to hear this appeal on the merits in that there would not be a valid judgment or order of the trial court from which to appeal, a prerequisite to the exercise of our jurisdiction. § 512.020 and Rule 74.01(a); *see also Freeway*, 14 S.W.3d at 172 (holding that appellate jurisdiction is contingent on the trial court's having jurisdiction in the first instance to enter the order or judgment being appealed).

■ The appellant contends that the trial court had jurisdiction to act on her April 13, 2001, motion to set aside the dismissal of her petition. In so contending, she argues that the trial court did, in fact,

enter an order dismissing her petition, which was an appealable order. In that regard, it is well settled that an involuntary dismissal by the trial court *with prejudice*, under Rule 67.03, is appealable. *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 n. 3 (Mo.App.2000). And, in certain circumstances, even an involuntary dismissal *without prejudice* is appealable. *Ampleman v. Schweiss*, 969 S.W.2d 862, 864 (Mo.App.1998). Whereas, a voluntary dismissal by a plaintiff, under Rule 67.02, is not. *Curators of Univ. of Mo. v. St. Charles County*, 985 S.W.2d 810, 814 (Mo.App.1998). The issue then for us to decide, in determining whether we have jurisdiction to hear this appeal on the merits, is whether the appellant's petition was, in fact, voluntarily dismissed, under Rule 67.02, or involuntarily dismissed by order of the trial court, under Rule 67.03.

In claiming that her petition was dismissed by order of the trial court, the appellant points to the court's order dated April 5, 2001, and signed by the Honorable W. Stephen Nixon, Judge, which reads:

### ORDER

PER STATEMENT OF DISMISSAL FILED ALL CAUSES OF ACTION ARE DISMISSED

[ ] WITH PREJUDICE          [x] AT PLAINTIFF'S COST
[ ] WITHOUT PREJUDICE      [ ] AT DEFENDANT'S COST
[ ] EACH PARTY TO BEAR HIS/HER/ITS COSTS.

COUNSEL ARE REMINDED THAT THE COURT RETAINS JURISDICTION OVER THIS MATTER FOR 30 DAYS AND ALL SETTLEMENT DOCUMENTATION SHOULD BE COMPLETED WITHIN THIS TIME.

This order was part of a standardized form used by the Jackson County Circuit Court, the top part of which consisted of a

*"STATEMENT OF DISMISSAL,"* which was signed by the appellant's purported attorney of record, William G. Cownie, and filed on March 22, 2001.[5] The statement

---

4. If, in fact, the trial court was without jurisdiction to act, as it found, it could neither grant nor deny the appellant's motion. It simply could find that it was without jurisdiction to rule on the motion.

5. In light of this case, the Circuit Court of Jackson County may want to consider amending its form so as to accurately reflect that the case in question has been voluntarily dismissed, rather than ordered dismissed, and

advised the trial court that the appellant's petition was being dismissed with prejudice, pursuant to a settlement agreement of the parties, with the costs to be taxed against the appellant.

Rule 67.02(a), governing voluntary dismissals, provides, in pertinent part: "[A] civil action may be dismissed by the plaintiff *without order of the court* anytime prior to the introduction of evidence at the trial." (Emphasis added.) Thus, if a plaintiff voluntarily dismisses his or her petition prior to the introduction of evidence, no action of the trial court is necessary to effectuate the dismissal. *Samland v. J. White Transp. Co., Inc.,* 675 S.W.2d 92, 96 (Mo.App.1984). "[W]hen the plaintiff files his memorandum of dismissal no court order is needed to give it effect—the case is automatically, ipso facto, dismissed." *Id.* (citations omitted). Thus, in our case, accepting the validity of the filing of the voluntary dismissal of her petition on March 22, 2001, by her purported attorney of record, the appellant's case would have been automatically dismissed. Nonetheless, the appellant contends in her reply brief that the subsequent court order of April 5 dismissing her petition was valid, arguing that the "trial court took upon itself to indicate that a Judgment was rendered and by so doing cannot invalidate the fact that it did not have jurisdiction to enter a Judgment so named." The appellant misunderstands the effect of a voluntary dismissal.

It is well settled in the law that once a plaintiff files a voluntary dismissal of his or her petition:

> nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. The legal situation is as though the suit had never

costs are to be taxed as agreed in the stipula-

been brought. No steps can be taken, and any step attempted in the dismissed suit is a nullity.

*Id.* (citations omitted); *see also Curators of Univ. of Mo.,* 985 S.W.2d at 814. Hence, in our case, accepting the filing of the statement of dismissal by the appellant's trial counsel on March 22, her case would have been automatically dismissed, rendering the trial court's subsequent order dismissing her petition totally unnecessary to effectuate the dismissal and a legal nullity and depriving the trial court of any jurisdiction to act in the case after the dismissal, including ruling on the appellant's motions to set aside the dismissal.

It is clear from the record that in finding that it was without jurisdiction to act with respect to the appellant's motion to set aside the dismissal of her petition, the trial court summarily accepted the fact that the appellant had, indeed, voluntarily dismissed her petition, based on the March 22 filing of a statement of dismissal by her purported attorney of record, Mr. Cownie, and did not consider the appellant's argument that the voluntary dismissal was void *ab initio* due to counsel's lack of authority to enter the dismissal. It is clear that what the appellant was alleging, in part, in her motions to set aside was that the purported dismissal with prejudice of her petition by her trial counsel on March 22 was unauthorized and as such never had the legal effect of dismissing her petition. Logically, this situation is distinguishable from an attempt to "set aside" a voluntary dismissal determined to be legally sufficient at its filing, which we discuss, *supra.*

In *Samland,* this court addressed the issue of whether the trial court erred in finding that it had no jurisdiction to proceed on the defendant's counterclaims in the case in light of the voluntary dismissal,

tion.

pursuant to a settlement agreement, of the defendant's counterclaims. *Samland*, 675 S.W.2d at 96. The defendant claimed that the trial court had jurisdiction to proceed on its counterclaims, despite the voluntary dismissal of the same, in that the stipulation of dismissal filed by its counsel was unauthorized and without effect. In upholding the trial court's ruling, the court found that the defendant had not presented sufficient evidence to overcome the *rebuttable presumption* that its attorney of record had the authority to act on its behalf. In so holding, the court recognized that an "attorney of record may not bind his client to a settlement without express authority" and that "the mere fact of his employment does not give an attorney implied authority to settle his client's case." *Id.* at 95. Significant to our analysis, here, is that this court clearly recognized in *Samland* that the trial court, in determining its jurisdiction to proceed after a purported voluntary dismissal by counsel, could hear and determine whether the dismissal was invalid *ab initio* based on allegations that the dismissal by counsel was unauthorized. *Id.* at 96.

In our case, the record reflects that the appellant filed with the trial court on March 21, 2001, one day prior to the filing of the dismissal by Mr. Cownie, a letter addressed to the court, advising it, in pertinent part: "I have *not* signed final legal papers dismissing Case Wo:00CV223071 Barbara Richman v. John Coughlin." The record also reflects that she filed a *pro se* "Motion To Set Aside Dismissal" on April 12, 2001. In her motion, she alleged that Mr. Cownie was not her attorney as of March 22, 2001, the day he filed the dismissal and was not authorized to dismiss her case. She indicated in the motion that she quarreled on the telephone with Mr. Cownie on March 21 and advised him that she wanted to go to trial. The appellant's *pro se* motion was summarily overruled on

April 23, 2001. The very next day, new trial counsel for the appellant filed a "Motion for Relief from Judgment and Order of Dismissal," with suggestions and argument. That motion was not ruled prior to the appellant's filing of a notice of appeal with this court on May 2, 2001. On June 1, 2001, this court entered an order dismissing the appeal because there was no order of the trial court that was final or otherwise appealable pursuant to § 512.020 and Rule 74.01(a). Thereafter, on June 13, 2001, the appellant filed what was denominated "Post Appeal Supplemental Motion to Set Aside Order of Dismissal and Motion for Rehearing on the Merits," which, along with the appellant's motion of April 24, was summarily "denied" by the trial court on June 18, 2001, in what it denominated a "judgment," finding that it had no jurisdiction to proceed, due to the voluntary dismissal with prejudice of the appellant's petition on March 22, 2001.

■ From the record, it is clear that the trial court, in entering its "judgment" of June 18 denying the appellant's motions to set aside, simply determined the effect of the voluntary dismissal of March 22 by the appellant's purported attorney of record, without looking behind the dismissal to determine whether it was invalid as being unauthorized, as claimed by the appellant. Hence, the appellant was denied any judicial review of her claim that there was not a valid voluntary dismissal of her petition such that her petition was never dismissed and remained viable at all times. Thus, while we must dismiss the appellant's appeal for lack of an appealable judgment or order, we must also remand to the trial court for it to determine whether the voluntary dismissal of the appellant's petition by her purported attorney of record at the time was authorized. If it finds that it was, then the trial court would have no

jurisdiction to proceed on the appellant's petition. However, if the trial court finds that the dismissal was not authorized, then it would be taken as naught, and the trial court would have jurisdiction to proceed on her petition.

### Conclusion

The appeal is dismissed for a lack of jurisdiction and the cause remanded for further proceedings consistent with this opinion.

ELLIS, P.J., and HOWARD, J., concur.