

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| J.G., | ) |
| | ) |
| Respondent, | ) WD78603 Consolidated with |
| | ) WD78604 |
| v. | ) |
| | ) OPINION FILED: April 26, 2016 |
| THOMAS E. GAVIGAN | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Mercer County, Missouri**
The Honorable Matthew M. Krohn, Judge

Before Division One: Victor C. Howard, Presiding Judge, Gary D. Witt, Judge and
Zel M. Fischer, Special Judge

Thomas E. Gavigan ("Gavigan") appeals from the judgments of the Circuit Court of Mercer County granting an Adult Protection Order and Child Protection Order for the protection of Respondent J.G. ("Respondent") and their daughter N.G.[1] Gavigan alleges three claims of error. First, Gavigan argues that the trial court erred by proceeding "impartially [sic] on the protection cases" when the parties had reached a stipulation and agreement disposing of those cases. Second, Gavigan argues the trial court erred by failing to appoint a guardian ad litem for the minor child. Third, Gavigan argues the trial

---

[1] The separate appeals of each order of protection have been consolidated and are therefore addressed together.

court erred in awarding Respondent marital property in the protection cases. Both orders of protection were dismissed by Respondent on December 10, 2015. We dismiss the appeal.[2]

## ANALYSIS

Before we can consider the merits of a dispute, we must first determine whether this Court has jurisdiction to decide the appeal. *In Interest of J.T.S.*, 462 S.W.3d 475, 477 (Mo. App. W.D. 2015). The underlying actions for both orders of protection appealed in this case have been dismissed without prejudice by Respondent, and the dismissals were accepted by the trial court.

The question before this Court is whether the trial court had the authority to dismiss the actions after the full orders of protection were granted. If the trial court did have that authority, then the dismissal without prejudice is not appealable and the appeal must be dismissed. "The law in Missouri is clear that a defendant may not appeal the grant of a voluntary dismissal, as he is not an 'aggrieved party' for the purpose of an appeal." *See Killian Constr. Co. v. Tri-City Constr. Co.*, 632 S.W.2d 49, 50 (Mo. App. W.D. 1982); *Liberman v. Liberman*, 844 S.W.2d 79, 80 (Mo. App. E.D. 1992).

Although full orders of protection are "final" and "appealable," see section 455.060.1,[3] pursuant to section 455.090.1, the trial court retains jurisdiction over the orders for their entire duration. The duration of a full order of protection is determined by the trial court except that it is required to be granted for at least one-hundred and

---

[2] Given the disposition of the appeal, the facts underlying the orders of protection are not set forth.
[3] All statutory citations are to RSMo 2000, as updated through the 2015 Cumulative Supplement, unless otherwise indicated.

2

eighty days and not more than one year. *See* Section 455.040.1. However, section 455.060.1 allows the court to "modify an order of protection at any time." The trial court may modify the terms of the order of protection; for example, it may set or modify the terms of the order establishing authorized or prohibited types of communication with the petitioner, modify terms of the order for visitation with children, modify terms of the order regarding child support or temporary maintenance, etc. *See* Section 455.050. The court also has the authority to terminate an order of protection before its set expiration upon motion by the petitioner.[4] *See* Section 455.060.5.

An order of protection remains in full effect and in force until the date of termination. Violations of a protective order prior to termination remain punishable after the termination of the order. *See State v. Rush*, 862 S.W.2d 936, 940 (Mo. App. E.D. 1993) (finding of violation of protective order affirmed where husband violated order of protection prior to dissolution of marriage or finalized legal separation which would have automatically and later did terminate the order of protection).

Here, Respondent did not file motions to *terminate* the protective orders but moved to *dismiss* both actions without prejudice. As opposed to a motion to terminate, which merely cuts off the duration of an order of protection, a dismissal of the action without prejudice would necessarily extinguish the order of protection at its inception, as though it had never been filed or granted.

---

[4] Under some circumstances not relevant to this appeal, a full order of protection may terminate prior to the time fixed in the order, in whole or in part, by operation of law. *See* Section 455.060. As these circumstances are not relevant to this appeal, we do not address them further.

3

It is well settled in the law that once a plaintiff files a voluntary dismissal of his or her petition: "nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. The legal situation is as though the suit had never been brought. No steps can be taken, and any step attempted in the dismissed suit is a nullity."

*Richman v. Coughlin*, 75 S.W.3d 334, 338 (Mo. App. W.D. 2002) (quoting *Samland v. J. White Transp. Co., Inc.*, 675 S.W.2d 92, 96 (Mo. App. W.D. 1984)). In effect, it would be as if the order of protection never existed.

Although not explicitly set forth in Chapter 455, we find that the continuing jurisdiction given to the trial court with the power to modify and terminate the orders at any time also gives the trial court the discretion to dismiss the action without prejudice, at the request of the petitioner, even after a full order of protection has been issued. Rule 67.02(b) allows for the voluntary dismissal of an action without prejudice after the court has heard evidence at the court's discretion on terms and upon conditions the court deems proper.[5] Full orders of protection, even though final in terms of the ability to appeal, are essentially orders that are continuing and ongoing actions. Here, given the court's continued jurisdiction and authority to modify and terminate the order after it has become final for purposes of appeal, the court also has the authority to dismiss the action without prejudice. Section 455.060.5, states that the trial court may, prior to dismissal, "inquire of the petitioner or others . . . to determine whether the dismissal is voluntary." Once the action is dismissed by order of the court, "the legal situation is as though the suit had never been brought." *Richman*, 75 S.W.3d at 338. After the trial court grants the motion

_____

[5] This is not a dismissal as of right under Rule 67.02(a) but a dismissal under Rule 67.02(b), which requires the approval of the trial court, which is subject to its discretion, and subject to any terms and conditions the trial court may deem proper.

4

to dismiss the case underlying the order of protection and the order of protection is consequently extinguished, the clerk of the court, pursuant to section 455.040.3, must provide notice of such to law enforcement.

In this case, the petitioner in the underlying actions (Respondent herein) moved to dismiss both actions without prejudice, as opposed to a motion to terminate the orders which had previously been granted. The trial court then, in its discretion, granted the motions to dismiss as to each of the two pending cases.[6]

Given our holding that the actions underlying the orders of protection have been dismissed without prejudice, thus extinguishing the orders of protection as though they had never been filed and, therefore, no finding that any abuse occurred in either case remains, Gavigan's concerns regarding the dismissal of his appeal without reaching the merits are unwarranted.

## CONCLUSION

Gavigan's appeal is dismissed.

_____
Gary D. Witt, Judge

All concur

---

[6] Though we conclude on this record that the trial court's grant of the motion to voluntarily dismiss plainly had the effect of vacating the earlier entered full orders of protection over which the trial court retained jurisdiction, to avoid confusion or prejudice in future cases, we encourage trial courts to expressly note the vacation of an earlier entered full order of protection in any order granting a motion to voluntarily dismiss pursuant to Rule 67.02(b).

5