STATE of Missouri, Respondent,

v.

Frederick Donald MACON, Appellant.

No. 51550.

Supreme Court of Missouri,
Division No. 1.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Moody Mansur, Asst. Atty. Gen., Jefferson City, for respondent.

Newmark & Baris, Irl B. Baris, St. Louis, for appellant.

HOLMAN, Presiding Judge.

Defendant has appealed from the order of the trial court overruling his motion to vacate filed under S.Ct. Rule 27.26, V.A.M.R.

On March 7, 1962, a jury found defendant guilty of the offense of first degree robbery and the court, under the provisions of § 556.280, RSMo 1959, V.A.M.S., fixed his punishment at imprisonment in the penitentiary for a period of ten years. On March 19, 1962, defendant's motion for new trial was overruled and he was formally sentenced by the court. At that time defendant also withdrew his plea of not guilty to charges of burglary and stealing and entered a plea of guilty thereto. The court sentenced him to five years' imprisonment on each offense but provided that those sentences should run concurrently with the sentence in the robbery case.

■ The motion to vacate sought to set aside the judgments in both cases. In State v. Engberg, Mo.Sup., 391 S.W.2d 868, we indicated that in a proceeding under Rule 27.26 it is improper to attack more than one judgment in a single motion. However, since these judgments were entered at the same time and involved related offenses we will consider the motion on appeal as applicable to all of the judgments.

In his effort to set aside the robbery judgment defendant alleges (1) that the assistant circuit attorney made prejudicial and highly inflammatory remarks at the time of exhibiting a shotgun to the jury, at which time he was rebuked by the court although defendant's counsel failed to object; and (2) that he was denied due process because his appointed counsel (not his present attorney) was so inexperienced and incapable that he did not render effective assistance to defendant.

■ The first point alleged, if true, would have been merely a trial error which may not be considered in support of a motion of this nature. State v. Hagedorn, Mo.Sup., 305 S.W.2d 700. However, we will discuss it because it is also relied on to support defendant's contention relating to the ineffectiveness of his counsel. A sawed-off shotgun (alleged to have been used in the robbery) was admitted in evidence. Just as the jury was about to retire to begin its deliberations the assistant circuit attorney picked up the gun and indicated a desire that the jury take it to the jury room. The trial judge (out of the hearing of the jury) rather sternly advised him that he should not exhibit the gun in that manner and that it should not be taken to the jury room. The court then asked defendant's attorney if it was "all right with you to send it down," and upon his objection the matter was apparently abandoned.

We do not see that defendant's attorney was deficient in any respect in regard to the foregoing incident. The trial judge was apparently under the erroneous impression that the exhibit should not be sent to the jury room except by agreement. He therefore took action so quickly that there was no occasion for an objection. Later, when the question was presented to him, defendant's counsel objected and the gun was not sent to the jury room. We are unable to see how any more could have been accomplished by any attorney.

In order to determine the issue concerning the effectiveness of the services rendered by defendant's attorney we have, perhaps ex gratia, read the entire transcript of the trial. The state presented a number of lay witnesses who testified that defendant confessed to the offense in their presence. In an effort to diminish the ef-

fect of that testimony defendant's attorney cross-examined those witnesses, as well as others, extensively, and, we think, rather skillfully. He also presented a witness who testified to facts supporting defendant's alibi, and made about the only type of argument which could have been made under the circumstances.

■ As indicated, we have concluded that defendant was represented in a creditable manner and that the contention in that regard affords no basis for vacating the judgment. State v. Worley, Mo.Sup., 371 S.W.2d 221; State v. Schaffer, Mo.Sup., 383 S.W.2d 698.

In regard to the judgments entered on his plea of guilty to the burglary and stealing charges defendant alleged that "his plea of guilty was involuntary: he was on parole from the State of California and, in addition to having been found guilty, he was an easy prey to the veiled threats and implications to what 'could happen to him on the other charge if he did not plead guilty': Trial under the Habitual Criminal Act. * * * [N]o inquiries were made by the court as to whether such plea was voluntary, [or] whether the accused knew the consequences and implications of such plea * * *." The transcript discloses that after the motion for new trial was overruled in the robbery case the circuit attorney mentioned the other charges to the court and then the following occurred: "Mr. Kroening: We have previously entered a plea of not guilty. This morning, at the court's discretion, we would like to change that plea to a plea of guilty. The Court: Mr. Macon, you have heard the statement of the Circuit Attorney and the statement of your counsel. Do you have anything to say, or any reason or cause to give to this Court why the sentence and judgment of this Court should not now be pronounced against you? Mr. Frederick Donald Macon: No, sir. [The circuit attorney then gave a brief statement of the facts.] (Discussion off the record.) The Court: Do you have any reason to give the Court why sentence should not be pronounced against you? Mr. Frederick Donald Macon: No, sir. The Court: The Court will sentence you to the state penitentiary for five years on the charge of burglary second degree, and five years on the charge of stealing: these sentences to run concurrently with the sentence imposed in Cause No. 1654–J."

■■ The allegations concerning "veiled threats and implications" are mere conclusions and are insufficient to warrant a hearing. Defendant has also alleged, however, that the court failed to ascertain whether he knew the consequences of his plea of guilty before · accepting it. We have held that under certain circumstances a failure of the trial court to explain the consequences of a plea of guilty before its acceptance is error, even where the defendant is represented by counsel. See State v. Blaylock, Mo.Sup., 394 S.W.2d 364, and S.Ct. Rule 25.04. However, under the circumstances presented in the case before us, we do not think defendant was prejudiced by the failure of the trial court to explain the range of punishment for the offenses involved. This for the reason (among others) that the court stipulated that the sentences imposed were to run concurrently with a sentence previously imposed. Since the plea of guilty did not result in sentences which required that defendant serve any additional time in prison, we rule that no prejudicial error resulted from the failure of the court to explain the range of punishment to defendant before accepting his plea of guilty.

As indicated, we have concluded that the record discloses that the defendant is not entitled to the relief sought in his motion and we accordingly rule that the trial court did not err in overruling it without a hearing.

The judgment is affirmed.

All concur.