STATE of Missouri ex rel. Werner KU-
GLER and Hal–Tuc, Inc., and Tan Cen-
tral Station, Ltd., Respondents,

v.

CITY OF MARYLAND HEIGHTS,
Appellant.

No. 59627.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 5, 1991.

Howard Paperner, St. Louis, for appel-
lant.

Andrea L. Weiss, Theresa Counts Burke, Steven Milton Hamburg, St. Louis, for Kugler.

David R. Spitznagel, Kirkwood, for Hal–Tuc.

John D. Gumersell, St. Louis, for Tan Central.

CRIST, Judge.

Appellant, City of Maryland Heights, appeals a judgment by the trial court issuing a Writ of Mandamus and ordering the City to issue occupancy permits and business licenses to Hal–Tuc, Inc. and Tan Central Station, Ltd. Affirmed.

In 1975 Relator Kugler purchased real property located in the City of Maryland Heights. A commercial retail center or strip shopping center was located on the property. Kugler made improvements by adding five additional stores. The improvements were approved by the City in 1985. At all times since 1975 the property in question has been used for retail purposes.

In 1989 the City of Maryland Heights amended its Municipal Code with regard to off-street parking and load requirements. Where the amendment is applicable, the number of required parking spaces was increased. Article 7, Sec. 25–7.1.A of the Amendment states:

A. For all buildings and structures erected and all uses of land established after the effective date of this code, off-street parking and loading facilities shall be provided as specified herein.

During 1990 Hal–Tuc, Inc. and Tan Central Station, Ltd., applied for business licenses and occupancy permits in order to do business in stores located in Kugler's strip shopping center. Both received letters from the Administrator of Planning and Zoning for the City of Maryland Heights which denied the applications on the basis of a deficiency of off-street parking under the amendment. On December 10, 1990, Kugler and Hal–Tuc filed a Petition in Mandamus against the City of Maryland Heights. Tan Central joined the Petition on January 10, 1991. On January 11, 1991, the trial court issued its Writ of Mandamus to the City of Maryland Heights, its agents, servants and employees and ordered the City to issue Hal–Tuc and Tan Central occupancy permits and business licenses for the conduct of business in Kugler's shopping center. The City of Maryland Heights appeals that order.

On appeal mandamus is reviewed as other nonjury civil matters. *State ex rel. Casey's General Stores, Inc. v. City Council of Salem*, 699 S.W.2d 775, 776[3] (Mo.App. 1985).

Appellant first contends the court erred in issuing the order because public officials, who the City claims are the real parties in interest, were not included in the cause. The City is a proper party. The applications were made to the City. The City is the authority which issues permits and licenses. The interest of any public officials would be as agents or employees of the City. Even if Relators failed to name all interested parties it would not deprive the trial court of jurisdiction or violate due process if all parties had notice of the petition and the claims it contained. *See Reifschneider v. City of Des Peres Public Safety Commission*, 776 S.W.2d 1 (Mo. banc 1989). The Mayor and the City Clerk, the public officials who sign and issue licenses, were named in the body of the petition. The Mayor was served. Point denied.

Appellant next asserts the court erred in failing to comply with procedures for mandamus cases set out in Rule 94. Specifically Appellant claims because the petition in mandamus was not accompanied by suggestions in support thereof, a preliminary order was issued without the required suggestions and the court failed to use Form 10 for its preliminary order, reversible error occurred. Noncompliance with rules or statutory procedures generally does not warrant reversal in the absence of prejudice. *Heintz v. Woodson*, 758 S.W.2d 452, 454[1, 2] (Mo. banc 1988). Rule 94.03 provides for the petition in mandamus to contain a statement of facts, the relief sought, and a statement of why the writ should issue. Relators complied with this portion of the rule. Rule 94.03 also

provides for the petition to be accompanied by suggestions in support thereof. The petition was filed on December 10, 1990. On December 17, 1990, the court granted leave to file the suggestions by 10 a.m. the following morning, which was done. This court finds no prejudice in allowing Relators to file their suggestions within eight days of filing since the trial court has discretion to enlarge the time within which suggestions and other pleadings can be filed, and in this case the record shows all parties understood the issues presented. Rule 44.01(b); *State ex inf. Riederer v. Collins*, 799 S.W.2d 644, 652[16] (Mo.App. 1990).

Form 10 is to be used when under Rules 94.04 and 94.05 the court finds a preliminary order should be granted. Again, no prejudice is found in the failure to follow Form 10 precisely when the order set a time limit for City to respond, the City appeared at the time and place set forth in the order, and City filed its motions to Dismiss and to Quash Order to Show Cause at that time. Point Denied.

Finally, Appellant claims the court erred in issuing its Writ of Mandamus because Relators failed to plead and prove a clear and unequivocal right to such relief. Appellant alleges this case is inappropriate for mandamus because factual disputes exist as to whether the act of issuing licenses was discretionary or ministerial and whether Relators had established a nonconforming use. It is true Relators seeking a writ of mandamus must show the right sought to be enforced is clearly established and presently existing. *Riederer* at 649[7]. However, this does not mean the writ will only issue if all facts are undisputed. If that were true, respondents in every mandamus case could prevail by filing a general denial and contesting the facts. *State ex rel. Lovell v. Tinsley*, 236 S.W.2d 24, 28[7] (Mo.App.1951).

Relators pled an appropriate case for mandamus. The issuing of a permit is a ministerial act, not a discretionary act, which may not be refused if the requirements of the applicable ordinance have been met. *State ex rel. McDonald's Corp.*

*v. Daly*, 748 S.W.2d 51, 54 (Mo.App.1988). Relators' petition stated all the provisions of the applicable ordinances and regulations concerning applications for business licenses had been complied with and stated Respondent had failed to follow the ordinance by not issuing the licenses.

The use of the property was nonconforming. The legality of nonconforming use is vested by use and not by ownership or tenancy. *State ex rel. Keeven v. City of Hazelwood*, 585 S.W.2d 557, 560[6] (Mo.App.1979). The use as a retail shopping center with the present number of parking spaces existed for years before the zoning code. This is a nonconforming use as a retail shopping center with fewer spaces than the code requires and could be continued. *Keeven* at 560[1]. City had a legal duty to recognize the valid nonconforming use and to exempt Relators from application of the ordinance enacted subsequent to the use. *Keeven* at 561[6]. Point denied.

For the foregoing reasons the judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.