Elizabeth W. MCDONALD, et al., Plaintiff/Appellant,

v.

CITY OF BRENTWOOD,
Defendant/Respondent,

and

Edward J. O'Brien and O.B. Clark's
Inc., Intervenors/Respondents.

No. ED 78935.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 6, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 26, 2001.

Application for Transfer Denied
Feb. 26, 2002.

Elizabeth W. McDonald, St. Louis, for appellant.

Jerry J. Murphy, J. Vincent Keady, St. Louis, for respondent.

AHRENS, J.

Elizabeth W. McDonald ("Landowner") filed a petition requesting an injunction against the City of Brentwood, Missouri ("City") from issuing an occupancy permit to Edward J. O'Brien, owner of the restaurant O.B.Clark's (hereinafter collectively "O.B. Clark's") and for a writ of mandamus to compel City to revoke O.B. Clark's conditional use permit and enforce all the applicable ordinances. City, with O.B. Clark's as intervenors, moved for judgment on the pleadings and for summary judgment. The trial court granted their motions and Landowner now appeals. We affirm in part and reverse and remand in part.

O.B. Clark's applied for a conditional use permit ("CUP") for the operation of a restaurant at an already existing building located at 1921 S. Brentwood Boulevard. The board of aldermen issued the CUP to O.B. Clark's and approved the operation of a restaurant and the site plan proposal for the development of the property.

Landowner, who lives close to the site, alleged there were current setback, landscaping, and parking violations of the zoning code. Landowner wrote letters to City informing it of the alleged violations, and she also spoke at meetings of the board of aldermen.

On June 30, 2000, Landowner filed an amended petition for a preliminary and permanent injunction against City from issuing an occupancy permit to O.B. Clark's and for a writ of mandamus to compel City to revoke O.B. Clark's CUP and enforce all the applicable ordinances.

O.B. Clark's and City filed a motion for judgment on the pleadings as to counts I though III, which sought an injunction against City issuing an occupancy permit to O'B Clark's due to alleged setback, landscaping, and parking violations. O.B. Clark's and City also filed a motion for summary judgment as to count IV, which sought a writ of mandamus requiring City to revoke the CUP issued to O'B Clark's. The trial court granted the motions. Landowner appealed.

In her first point on appeal, Landowner claims the trial court erred in entering judgment on the pleadings as to counts I through III of her petition requesting an injunction against City issuing an occupancy permit to O.B. Clark's because the issuance of such a permit is a ministerial act subject to judicial control.

■ Prior to addressing the merits of Landowner's first point, we must determine, sua sponte, our jurisdiction. *State ex rel. Freeway Media, L.L.C. v. City of Kansas City*, 14 S.W.3d 169, 172 (Mo.App.

2000). Our jurisdiction is predicated on the trial court having jurisdiction to enter its judgment on the pleadings. *Id.* If the trial court lacked jurisdiction then its judgment is void thereby depriving us of jurisdiction except to reverse the judgment and remand the cause for dismissal by the trial court. *Id.*

 Landowner seeks an injunction, which is an "extraordinary and harsh remedy and should not be employed where there is an adequate remedy at law." *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff,* 909 S.W.2d 348, 354 (Mo. banc 1995); *State ex rel. St. Louis County v. Jones,* 498 S.W.2d 294, 299 (Mo. App.1973). Moreover, an adequate administrative remedy must be exhausted before a court may provide injunctive relief from the provisions of a zoning ordinance. *Westside Enterprises, Inc. v. City of Dexter,* 559 S.W.2d 638, 640 (Mo.App.1977). The remedy is exclusive and failure to exhaust it deprives a court of jurisdiction. *Id.* "Exhaustion of adequate administrative remedies has been held to include application for such remedy as well as appeal of an unsatisfactory decision to an administrative body." *Id.* The doctrine of exhaustion of administrative remedies is a jurisdictional requirement. *Two Pershing Square, L.P. v. Boley,* 981 S.W.2d 635, 639 (Mo.App.1998).

██ Neither party addressed the jurisdictional question, but instead focused on whether the issuance of an occupancy permit is an administrative or legislative function. Landowner argues that a decision to grant or deny an occupancy permit is an administrative decision, and as such may be subject to judicial review while City and O.B. Clark's assert that the issuance of an occupancy permit is a legislative act. Missouri case law holds that an issuance of an occupancy permit is an administrative act subject to judicial review. *State ex rel.*

*Kugler v. City of Maryland Heights,* 817 S.W.2d 931 (Mo.App.1991); *State ex rel. Housing Authority of St. Louis County v. Wind,* 337 S.W.2d 554 (Mo.App.1960); *James v. City of Jennings,* 735 S.W.2d 188 (Mo.App.1987). In *State ex rel. Kugler,* the city appealed from a judgment in mandamus ordering it to issue an occupancy permit. The city claimed that the case was inappropriate for mandamus because factual disputes existed as to whether the act of issuing a license was discretionary or ministerial. *State ex rel. Kugler,* 817 S.W.2d 931, 933. The court affirmed, holding that the "issuing of a permit is a ministerial act, not a discretionary act, which may not be refused if the requirements of the applicable ordinance have been met." *Id; State ex rel. Housing Authority of St. Louis County,* 337 S.W.2d at 557 (stating the grant or refusal of a use and occupancy permit is an administrative decision). In *James,* the plaintiff appealed from the trial court's judgment sustaining the city's denial of an occupancy permit. This court held that the "city council was acting in an administrative capacity when it denied the occupancy permit" and its "action was subject to judicial review." *James,* 735 S.W.2d. at 190. In each of these cases, administrative decisions concerning occupancy permits were subject to judicial review.

 Generally, a private party lacks standing to "complain of alleged zoning violations without proving themselves specially and peculiarly injured." *State ex rel. Housing Authority of St. Louis County,* 337 S.W.2d at 558. But a neighboring property owner, whose property is within close proximity to that where the alleged violation was to occur, is an "aggrieved party" for purposes of standing to appeal to the Board of Zoning Adjustment an administrative decision granting or denying an occupancy permit. *Id.*

Even though Landowner is correct in her assertion that the decision to grant or deny an occupancy permit is administrative and subject to judicial review, here, there was no such administrative decision. Landowner acted prematurely when she sought injunctive relief prior to an administrative decision by City. The trial court lacked jurisdiction to grant an injunction because Landowner had an adequate remedy at law by way of judicial review of the administrative decision on the application for occupancy permit, once rendered. *St. Louis County*, 498 S.W.2d at 300 (holding that the trial court did not have jurisdiction to enter an injunction to enjoin a grant of a conditional use permit where the county council had not rendered a decision regarding the permit because there was an adequate remedy at law by way of judicial review of the action of the county council).

We reverse the decision of the trial court in regards to counts I–III and remand the cause to the trial court to dismiss those counts because of lack of subject matter jurisdiction.

In her second point on appeal, Landowner claims the trial court erred in entering summary judgment as to count IV of her petition, which sought a writ of mandamus to compel City to revoke O.B. Clark's CUP. Landowner asserts that there is a genuine dispute concerning whether the revocation of O.B. Clark's CUP involves a discretionary or ministerial act of the board of aldermen thereby making summary judgment unavailable. We disagree.

Our standard of review of the trial court's grant of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the evidence in the light most favorable to the party against whom judgment was entered and we accord the non-movant the benefit of all reasonable inferences from the record. *Id.* A grant of summary judgment will be affirmed if there is no genuine dispute as any material fact, and the movant is entitled to judgment as a matter of law. *Id.* at 378.

Landowner concedes that O.B. Clark's CUP was properly issued. She states that the "Brentwood Board of Aldermen may have acted in good faith initially in granting [O.B. Clark's] CUP because their application represented the proposed conditional use as conforming to the Ordinance." And if the CUP was properly issued, under the zoning code, then any decision to revoke it is discretionary. Section 25 –82 of City's zoning code provides in pertinent part as follows:

> The board of aldermen may authorize by ordinance, under prescribed conditions, the construction or undertaking of any conditional use that is expressly permitted as a conditional use in a particular zoning district; however, the board of aldermen reserved full authority to deny any request for a conditional use, to impose conditions on the use, or to revoke approval at any time, upon a finding that the permitted conditional use will or has become unsuitable and incompatible in its location as a result of any nuisance or activity generated by the use.

Section 22–82 affords City with the discretion to revoke a CUP if properly issued. The zoning code does not require the board of aldermen to revoke the CUP, but instead gives the board of aldermen the power to choose among several remedies.

A "writ of mandamus issues only in a case of necessity to prevent injustice or great injury." *State ex rel. University Park Building Corp. v. Henry*, 376 S.W.2d 614, 617 (Mo.App.1964). And if "there is any doubt of its necessity or

propriety, it will not be issued." *Id.* Moreover, "[o]ne seeking the writ must allege and prove that he had a clear, unequivocal, specific right to the thing claimed." *Id.* "[M]andamus will not lie to compel an act when its performance is discretionary." *Id.* at 618. Here, a revocation of the CUP by the board of aldermen would be a discretionary act; therefore, a writ of mandamus to force a revocation is unavailable. We find that summary judgment was proper as to court IV.

The judgment of the trial court is affirmed in part as to count IV and reversed and remanded in part as to counts I–III with instructions to dismiss for lack of subject matter jurisdiction.

RICHARD B. TEITELMAN, P.J. and GARY M. GAERTNER SR., J., concur.