STATE of Missouri ex. rel. Jennifer M.
JOYCE, Circuit Attorney, St. Louis
City, Missouri, Relator,

v.

Hon. Evelyn BAKER, Judge of the
Twenty–Second Circuit Court
of Missouri, Respondent.

No. ED 84921.

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

Aug. 5, 2004.

Gregory Melchior, St. Louis, MO, for appellant.

John P. Rogers, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Jennifer M. Joyce, Circuit Attorney for the City of St. Louis, ("relator") filed a petition for writ of mandamus, seeking to compel the Honorable Evelyn Baker, Judge of the Twenty–Second Circuit Court of Missouri ("respondent"), to grant relator's motion for change of judge. Peremptory writ issued.

George Carnahan ("defendant") was charged with felony possession of a controlled substance and misdemeanor possession of drug paraphernalia in the Circuit Court of the City of St. Louis, Twenty–Second Judicial Circuit. Defendant filed a request for disposition of detainers which was received by the Circuit Attorney's office on February 9, 2004. Defendant moved for disqualification of the Honorable David Mason on July 27, 2004. The disqualification was granted the same day. The case was assigned for plea to the Honorable Margaret Neill on July 29, 2004, and on the same day the case was returned to Division 16 for further proceedings. The case was then assigned on August 2, 2004, for trial to respondent, who presides over Division 21. On the same day, August 2, relator filed a request for change of judge, pursuant to Missouri Supreme Court Rule 32.07, and respondent set the matter for hearing on August 13, 2004. In addition, on August 2, relator also filed a motion for reduction of time, which requested that the court immediately grant the state's motion for disqualification. The court denied the motion for reduction of time.

Relator sought this writ to compel respondent to promptly grant the motion for change of judge, pursuant to Rule 32.07. Relator contends that respondent failed to rule on relator's application with knowledge of the "time-sensitive" nature of the case, in that defendant had filed a request for disposition of detainers, and the remaining time to bring this case to trial would arguably be extinguished by the delay in setting an unnecessary hearing on August 13, 2004. Relator asserts the application for change of judge was timely filed under Rule 32.07(b), and timely notice was served on all parties as required by subsection (c) of that rule.

**56**

A writ of mandamus is proper where it is necessary to prevent injustice or great injury. *McDonald v. City of Brentwood,* 66 S.W.3d 46, 50 (Mo.App. 2001); (citing *State ex rel. University Park Building Corp. v. Henry,* 376 S.W.2d 614, 617 (Mo.App.1964)). "One seeking the writ must allege and prove that he had a clear, unequivocal, specific right to the thing claimed." *Id.* at 51. Mandamus is not appropriate to compel a discretionary act. *Id.*

Pursuant to Rule 32.07(a), "a change of judge shall be ordered in any criminal proceeding upon the timely filing of a written application therefor by any party." Subsection (d) states that upon presentation of a timely application, "the judge promptly shall sustain the application." A request for change of judge pursuant to this rule affords the court no discretion. *State v. Hornbuckle,* 746 S.W.2d 580, 584 (Mo.App.1988). The court is required to promptly grant such request. *Id.*

In the suggestions filed on her behalf, respondent does not challenge the timeliness of relator's motion for change of judge, and therefore, she was required to promptly grant such request. *See Hornbuckle,* 746 S.W.2d at 584. Instead, respondent set the matter for hearing eleven days after the request was made and denied relator's motion for reduction of time for hearing on the motion for change of judge. Under the circumstances of this case, respondent failed to promptly comply with Rule 32.07 after receiving relator's timely motion.

A peremptory writ of mandamus is therefore issued. Respondent is directed to enter an order granting relator's application for change of judge. Relator's request for an order concerning calculation of time under defendant's request for disposition of detainers is denied without prejudice.

WILLIAM H. CRANDALL JR. and KATHIANNE KNAUP CRANE, JJ., concur.