STATE ex rel., Tommy THOMAS, Relator,

v.

The Honorable Margaret NEILL, Circuit Judge of the Associate Circuit Court Of the City of St. Louis, Missouri, Respondent.

No. ED 91569.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Aug. 19, 2008.

See also, 204 S.W.3d 687.

Tommy Thomas, Licking, Michelle Rivera, St. Louis, MO, for Appellant.

Melissa Gilliam, St. Louis, MO, for Respondent.

BOOKER T. SHAW, Presiding Judge.

Relator Tommy Thomas filed a petition for writ of mandamus seeking to compel the Honorable Margaret Neill, Judge of the 22nd Circuit Court (Respondent), to hold an evidentiary hearing on Relator's claim of abandonment of post-conviction counsel. Respondent concurs. Peremptory writ issued.

In 2005, Thomas was convicted of first-degree assault and armed criminal action and sentenced to 10 years in the Missouri Department of Corrections. This court affirmed the judgment in *State v. Thomas*, 204 S.W.3d 687 (Mo.App. E.D. 2006). Thomas filed a motion for post-conviction relief January 10, 2007. On January 26, Respondent appointed the appellate public defender to represent Thomas. Thirteen months later, Michelle Rivera filed her entry of appearance and requested additional time to file an amended PCR motion. Rivera never filed an amended motion, and Thomas has filed numerous requests for new counsel and/or an inquiry into abandonment of counsel. Respondent has failed to entertain these requests. Thomas seeks a writ of mandamus to compel Respondent to hold a hearing on the issue of abandonment and, if abandonment is found, then to appoint new counsel, grant time to file an amended motion, and advance post-conviction proceedings in the ordinary course. The Circuit Attorney, answering on behalf of Respondent, concurs with Thomas's petition and urges this court to issue a writ.

Mandamus compels the performance of an act by one who has a duty to perform it. *State ex rel Rogers v. Board of Police Com'rs of Kansas City*, 995 S.W.

2nd 1 (Mo.App. W.D.1999). A writ of mandamus is proper where it is necessary to prevent injustice or great injury. *State ex rel. Joyce v. Baker*, 141 S.W.3d 54, 56 (Mo.App. E.D.2004). One seeking the writ must allege and prove that he had a clear, unequivocal, specific right to the thing claimed. *Id.*

■■■ Rule 29.15(e) imposes specific obligations upon post-conviction counsel. Abandonment occurs when counsel takes no action to file an amended motion on a movant's behalf, depriving the movant of a meaningful review of his claims. *Barnett v. State*, 103 S.W.3d 765, 774 (Mo.2003). Here, Respondent appointed counsel in January 2007. Counsel did not enter her appearance until February 2008 and has failed to file an amended motion, now five more months later. Where the record reflects that counsel took no action to investigate a movant's post-conviction claims, the motion court *must* conduct an inquiry into counsel's performance. *Pope v. State*, 87 S.W.3d 425, 427–428 (Mo.App. W.D. 2002). If the court finds abandonment, then movant *shall* be appointed new counsel and allowed time to amend his *pro se* motion. *Id.* at 428.

A peremptory writ of mandamus is issued. Respondent is directed to promptly conduct a hearing on Thomas's claim of abandonment and any further proceedings consistent with this opinion.

LAWRENCE E. MOONEY and ROBERT G. DOWD, JR., JJ., Concur.