STATE **of Missouri, ex rel., John P. TANNER, D.D.S., M.D.,**
Relator,

v.

**The Honorable W. Stephen NIXON, Judge of the 16th Judicial Circuit Court, Respondent.**

No. WD 71240.

Missouri Court of Appeals, Western District.

April 13, 2010.

Richard T. Merker, Esq., for Relator.

Larry Delano Coleman, Esq., for Respondent.

Before Writ Division: JOSEPH M. ELLIS, Presiding Judge, JAMES M. SMART, JR., Judge and ALOK AHUJA, Judge.

JOSEPH M. ELLIS, Judge.

John P. Tanner, D.D.S., M.D. (Relator), filed a petition for a writ of mandamus, seeking to compel the Honorable W. Stephen Nixon (Respondent), Judge of the Sixteenth Judicial Circuit Court of Missouri, to dismiss a personal injury action filed by Tiffany Robinson (Plaintiff) for her failure to timely file a health care affidavit

as required by § 538.225.[1] On August 24, 2009, we issued our preliminary writ of mandamus, which we now make absolute.

On October 14, 2008, Plaintiff filed a personal injury petition for damages, alleging that Relator, an oral surgeon, was negligent when he treated her for an extraction of third molars. Plaintiff alleged that she suffered multiple injuries, including peeling of her skin, skin cracking and swelling, and discoloration of her skin. On November 7, 2008, Relator filed his answer to Plaintiff's petition in which he asserted, *inter alia*, that the petition failed to state a claim upon which relief could be granted. On the same date, Relator also filed a motion to dismiss, with suggestions in support thereof, contending that Plaintiff failed to comply with the requirements of § 538.225. That section states:

1. In any action against a health care provider for damages for personal injury ... the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

\*   \*   \*   \*   \*   \*

5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.

6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

### Section 538.225.

On December 22, 2008, the Honorable John R. O'Malley sustained Relator's unopposed motion to dismiss and found that Plaintiff failed to file a health care affidavit within ninety days, as required by statute. Thereafter, Plaintiff filed a motion to alter or amend the judgment, asserting that it should be set aside because the time permitted by statute for filing a health care affidavit had not run at the time Judge O'Malley entered his dismissal of the petition.

On April 16, 2009, Respondent sustained Plaintiff's motion and set aside the December 22nd judgment. Relator filed a renewed motion to dismiss, claiming that Plaintiff had still not filed a health care affidavit and the ninety-day period for doing so had now long since expired. Respondent overruled the motion on May 14, 2009. Thereafter, Relator filed this petition for a writ of mandamus. We issued a preliminary writ on August 24, 2009, and Respondent timely filed an answer.

■■■ "A writ of mandamus is proper where it is necessary to prevent injustice or great injury." *State ex rel. Joyce v. Baker*, 141 S.W.3d 54, 56 (Mo.App. E.D. 2004). The party seeking the writ must allege and prove a specific, clear, and unequivocal right to the thing claimed. *Id.* "Mandamus will issue from this Court to a circuit court where the latter refuses to act in respect to a matter within its jurisdiction when it is its duty to act, that is, when its refusal is, in effect, a failure to perform a duty within its jurisdiction." *State ex rel. Stewart v. McGuire*, 838 S.W.2d 516, 518 (Mo.App. S.D.1992).

---

1. All statutory references are to RSMo Cum. Supp.2005, unless otherwise indicated.

■ Respondent first contends that we lack jurisdiction over this petition, citing article V, section 3 of the Missouri Constitution, which generally addresses the jurisdiction of the Supreme Court of Missouri. However, our jurisdiction derives from article V, section 4, which states that "[t]he supreme court and districts of the court of appeals may issue and determine original remedial writs." Accordingly, we have jurisdiction over this petition for writ of mandamus. *McGuire*, 838 S.W.2d at 517–18.

■ Respondent next argues that we should not issue a writ of mandamus because a health care affidavit is not required in *res ipsa loquitur* cases. He cites *Sides v. St. Anthony's Medical Center*, 258 S.W.3d 811 (Mo banc. 2008), as support for his contention. Contrary to Respondent's assertion, however, the *Sides* Court expressly held that a health care affidavit was required in a medical malpractice case based on *res ipsa loquitur. Id.* at 820. The primary issue in *Sides* was whether expert testimony could be used to support a *res ipsa loquitur* claim in medical malpractice. *Id.* at 814. The Court held that a medical malpractice case can proceed under a *res ipsa loquitur* theory where the plaintiff offers a medical expert opinion that plaintiff's injury would not have occurred in the absence of negligence by the defendant. *Id.* at 819. The defendants in *Sides* alternatively argued that, even it was otherwise appropriate to apply a *res ipsa loquitur* theory in a medical malpractice case, "use of that theory is prohibited by section 538.225." *Id.* at 820. Defendants claimed that § 538.225.1 "requires that only a specific negligence theory can be brought against a medical malpractice defendant." *Id.* The Court rejected the argument, stating:

> [The defendants] cite simply to the fact that the legislature has required proof that some act of defendant cause or contributed to cause the injury. This is required to be shown in *res ipsa loquitur* cases also, however, and provides no basis on which to determine that the legislature would disapprove of the use of *res ipsa loquitur* in malpractice cases.

*Id.* Thus, *Sides* does not support Respondent's argument that a plaintiff proceeding under a *res ipsa loquitur* theory need not submit a healthcare affidavit under § 538.225.

Moreover, in *Budding v. SSM Healthcare System*, 19 S.W.3d 678, 680–81 n. 4 (Mo. banc 2000), the Court rejected dicta in *Mahoney v. Doerhoff Surgical Services, Inc.* 807 S.W.2d 503, 508 (Mo. banc 1991), suggesting that health care affidavits were not required in medical malpractice cases relying on the *res ipsa loquitur* theory.[2] The *Budding* Court expressly declared that "nothing in sec. 538.225 exempts a plaintiff from filing an affidavit who shows 'that the medical malpractice ... is of that untypical kind that does not require proof of standard of care by expert opinion.'"[3] *Id.* at 680–81 n. 4; *See also, Gaynor v. Washington University*, 261 S.W.3d 650, 654 (Mo.App. E.D.2008) (*"Budding* held

---

**2.** The suggestion of *res ipsa loquitur* is based on the *Mahoney* Court's citation to *Null v. Stewart*, 78 S.W.2d 75, 78–79 (Mo.1934). 807 S.W.2d at 508.

**3.** Five years after the Supreme Court's decision in *Budding*, the legislature amended § 538.225 with no change to the statute that would change its application over *res ipsa*

*loquitur* cases. "When, after a statute has been construed by a court of last resort, the legislature re-enacts it, carries it over without change, or re-incorporates the exact language previously construed, we presume that the legislature knew of and adopted the judicial construction given to that language." *Gaynor v. Washington Univ.*, 261 S.W.3d 650, 653–54 (Mo.App. E.D.2008).

that section 538.225.1 did not exempt from its affidavit requirement a medical malpractice case that does not require proof of the standard of care by expert opinion. A medical malpractice case based on *res ipsa loquitur* does not require ... testimony on the standard of care. Accordingly, section 538.225.1 does not exempt medical malpractice actions against health care providers in which proof is based on *res ipsa loquitur*." (Citations omitted)).

The requirement in § 538.225 is clear and unambiguous that "in *any* action against a health care provider for personal injury" a plaintiff must file an affidavit within ninety days of filing a petition. (Emphasis added.) The sanction for noncompliance is also clear—"the court *shall,* upon motion of any party, dismiss the action." § *538.225.6* (emphasis added).[4] "When a statute mandates that something be done by providing that it 'shall' occur and also provides what results 'shall' follow a failure to comply with the statute, it is clear that it is mandatory and must be obeyed." *SSM Health Care St. Louis v. Schneider,* 229 S.W.3d 279, 281 (Mo.App. E.D.2007).

Although the December 22, 2008 judgment was premature because ninety days had not yet passed for the Petitioner to file an affidavit, when Respondent set aside the December 22nd judgment on April 16, 2009, Plaintiff had still not filed an affidavit and the ninety-day period had expired. Moreover, Plaintiff had still not filed an affidavit at the time Respondent denied Relator's renewed motion to dismiss on May 14, 2009 (or for that matter by the time this case was argued). There is no dispute that the Plaintiff failed to submit her affidavit within ninety days after filing her petition. Under § 538.225.6, therefore, the trial court was required to dismiss Plaintiff's action without prejudice. *See, e.g., White v. Tariq,* 299 S.W.3d 1, 5 (Mo.App. E.D.2009). By failing to do so, the Respondent has, "in effect, [failed] to perform a duty within [his] jurisdiction." *McGuire,* 838 S.W.2d at 518.

For the foregoing reasons, the preliminary writ of mandamus is made absolute, and Respondent is directed to enter an order dismissing Plaintiff's cause of action against Relator without prejudice.

All concur.

4. In the 2005 amendments to § 538.225, the legislature made dismissal mandatory for failure to file a health care affidavit. The previous language, found in RSMo 2000, stated "[i]f the plaintiff or his attorney fails to file such affidavit the court *may,* upon motion of any party, dismiss the action against such moving party without prejudice." § 538.225.5, RSMo 2000 (emphasis added).