### STATE of Missouri ex rel. Benny W. VOLNER, Relator,

v.

### The Honorable Tracy L. STORIE, Respondent.

### No. SD 32066.

Missouri Court of Appeals, Southern District, Division Two.

July 10, 2012.

Benny W. Volner, pro se.

Tracy L. Storie, pro se.

SCOTT, P.J., BARNEY, J., and BATES, J.

## *ORIGINAL PROCEEDING IN MANDAMUS*

PER CURIAM.

Relator, Benny W. Volner, filed a petition for writ of mandamus asking this court to compel respondent, the Honorable Tracy L. Storie, Judge of the Circuit Court of Texas County, to comply with the requirements of Rule 29.15 with respect to relator's "Motion to Vacate, Set Aside or Correct the Judgment or Sentence." Having reviewed and considered relator's petition and exhibits, and having received no suggestions in opposition or other response to the petition, we conclude that relator is entitled to relief. In the interest of justice, we hereby dispense with all further procedure in this matter and issue a permanent writ in mandamus. Rule 84.24(j) and (*l* ).[1]

### Discussion and Decision

In 2010, relator was convicted of first-degree murder, first-degree robbery, and armed criminal action in the Circuit Court of Texas County. He appealed the sentence and judgment to this court, which affirmed the same by memorandum decision. The court issued its mandate in the appeal on August 26, 2011. Pursuant to Rule 29.15, relator timely filed a pro se "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" (Motion) in the Circuit Court of Texas County on October 20, 2011. In a handwritten "Memorandum" dated November 15, 2011, respondent stated that relator's "Motion to Set Aside ... is not properly recognized in this criminal action." Respondent has tak-

1. All rule references are to Missouri Court Rules (2012).

en no further action in the case since the Memorandum of November 15, 2011.

In his petition, relator complains that respondent has failed to comply with the mandates of Rule 29.15, including the requirements that he appoint counsel for relator and issue findings of fact and conclusions of law. Rule 29.15(e) and (j). We agree. As relevant here, Rule 29.15(e) states: "When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. The use of the term 'shall' makes clear that … appointment of counsel is mandatory, not discretionary." *Sanford v. State*, 345 S.W.3d 881, 882 (Mo.App.2011). Relator's Motion includes a sworn "FORMA PAUPERIS AFFIDAVIT" in which he states he is a poor person.[2] Respondent has not determined otherwise, but he has failed nonetheless to appoint counsel in compliance with Rule 29.15(e). Under the circumstances, we find that relator is entitled to relief.

Accordingly, we hereby enter a permanent writ in mandamus by which we direct respondent to immediately vacate his Memorandum of November 15, 2011, appoint counsel for relator in accordance with Rule 29.15(e), and proceed to hear and determine relator's Motion and/or any amended motion in accordance with Rule 29.15.

2. The inclusion of the "FORMA PAUPERIS AFFIDAVIT" distinguishes this case from *Bittick v. State*, 105 S.W.3d 498, 502 (Mo.App. 2003), *Chalk v. State*, 990 S.W.2d 87 (Mo.App. 1999), and *State v. Nichols*, 865 S.W.2d 435, 438 (Mo.App.1993), in which the Eastern and Western Districts of this court noted that the requirement of appointment of counsel did not apply where the postconviction relief movant had not filed an affidavit of indigency.