

# In the Missouri Court of Appeals
## Eastern District
### WRIT DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL. | ) | No. ED104051 |
| KEITH COSTELLO II, | ) | |
| | ) | |
| Relator, | ) | Writ of Mandamus |
| vs. | ) | |
| | ) | |
| HONORABLE STEVEN H. GOLDMAN, | ) | |
| JUDGE, DIVISION 12, ST. LOUIS | ) | |
| COUNTY CIRCUIT COURT, | ) | |
| | ) | Filed: |
| Respondent. | ) | March 29, 2016 |

Keith Costello II petitions this Court to issue a writ of mandamus compelling the Honorable Steven H. Goldman to grant Costello's motion to remove his Form 40 filing from the incorrect case number. We issued a preliminary order in mandamus, and the prosecutor filed an answer and suggestions in opposition on behalf of the respondent. We dispense with further briefing as permitted by Rule 84.24(j) and make the preliminary order in mandamus permanent.

Costello was tried by a jury on one count of robbery in the first degree and one count of murder in the first degree in November of 2010. The jury found him guilty on the robbery count, but could not reach a verdict on the murder count. He appealed the robbery conviction, and while that was pending, he was re-tried on the murder charge. He was found guilty of murder after that trial and appealed. Even though they were ultimately separate trials, both the robbery and the murder cases proceeded under the same circuit court case number, 08SL-CR08801-01.

Because the judgments were entered at different times, after separate trials, the appeals each had their own appellate case number: the robbery was ED96205, and the murder was ED96639.

While the appeal of the murder conviction was pending, the judgment on the robbery conviction was affirmed in May of 2012 and a mandate issued by this Court in June of 2012. See State v. Costello, 367 S.W. 3d 158 (Mo. App. E.D. 2012) (per curiam). Costello then filed a timely pro se motion, using Form 40, for post-conviction relief from the robbery conviction. It was given case number 12SL-CC03273 in the circuit court. Counsel was appointed, and a timely amended motion was filed in that case on December 3, 2012. Therein, Costello claimed prosecutorial misconduct in obtaining a waiver of his speedy trial rights and ineffective assistance of counsel relating to delays, conflicts and advice regarding his speedy trial rights. The amended motion also explained that Costello had been re-tried and convicted on the murder charge and that an appeal of that conviction was pending. He asserted that this post-conviction relief motion "is limited to" the conviction for robbery, and that he "in no way waives his right to seek post-conviction relief as to the second trial" in which he was convicted of murder. A pre-trial hearing was set by the court for February 1, 2013.

On December 11, 2012, this Court affirmed the murder conviction, and the mandate issued on January 3, 2013. See State v. Costello, 386 S.W.3d 918-19 (Mo. App. E.D. 2012) (per curiam). On January 4, 2013, Costello filed a pro se motion—again on Form 40—for post-conviction relief from the murder conviction. Although he did not list the offense for which the challenged sentence was imposed by name, in the space for "case number" on the Form 40 Costello wrote "State v. Costello, No. ED 96639 [367 S.W.3d 158]." Though the book citation is to the opinion in the robbery case, the appellate case number cited is the murder appeal. He also correctly identified on the form his place of detention, the place where his sentence was

imposed, the court to which he appealed and that the judgment was affirmed on appeal. He also identified the date the appeal was affirmed as "Dec 11, 2012"—which could only have referred to the murder case, as the robbery case had been resolved months before in June of 2012. Many of the blanks on the Form 40 indicated that the information therein was "to be amended."

Attached to the Form 40 filed on January 4, 2013 was a handwritten "Affidavit Attachment A" in which Costello set forth his post-conviction claim that there was a jurisdictional defect in the case due to the unauthorized waiver of his speedy trial rights. There were apparently other attachments, but they have not been made part of the record in this writ proceeding. Costello also completed the "Forma Pauperis Affidavit" at the end of Form 40, in which he sought leave to proceed as a poor person and requested appointment of counsel. The circuit court entered this Form 40 and attachments in the same case number as the robbery post-conviction case, calling it "another Motion to Vacate, Set Aside or Correct the Judgment or Sentence with attachments" in the docket entry.

On February 1, 2013, the court held the scheduled pre-trial hearing in the robbery post-conviction case, found no prosecutorial misconduct and no ineffective assistance of counsel and denied relief without an evidentiary hearing. The court also denied the "pro se filings"—referring to the January 4, 2013 filings—because "they are untimely and without merit" and "improperly filed." The court concluded—presumably in reference to the claims contained in the January 4, 2013 filing—that it had jurisdiction to hear all of Costello's claims and that the alleged discovery violation was not cognizable in a motion for post-conviction relief. Costello appealed, but did not raise anything about the January 4, 2013 filing or the court's handling thereof.

In May of 2013, Costello wrote a pro se letter to the circuit court asking to correct the "mix up" that occurred because the judge thought the January 4, 2013 filing was "a second form 40 for the robbery case so he ignored it." In June of 2013, counsel for the circuit court responded that the January 4, 2013 filing "included a duplicate of what your attorney had already filed on your behalf on December 3, 2012"—the date the amended post-conviction motion was filed by counsel in the robbery case. The court's letter advised Costello to contact his attorney before filing his own pleadings. Costello's appointed counsel on the robbery post-conviction motion then wrote the circuit court on his behalf more fully explaining that the January 4, 2013 filing was a separate post-conviction motion relating to the murder case, for which the court should open a new case number and enter an order appointing the public defender's office to start the clock on the time limits for filing an amended motion. This letter was written in July of 2013. In March of 2014, this Court affirmed the denial of post-conviction relief on the robbery case. See Costello v. State, 424 S.W.3d 484-85 (Mo. App. E.D. 2014) (per curiam).

There is no further activity in the record until January of 2015, when another attorney from the public defender's office filed a motion on Costello's behalf asking the court to remove the January 4, 2013 filing from the robbery case and open a different case number for this proceeding on the murder case. That motion was denied with the explanation that Costello and the public defender's office had already been informed "of this" in the court's June 2013 letter to Costello. It also stated that an amended motion had not been filed. Now Costello, through counsel, seeks a writ of mandamus to compel the trial court to grant that motion.

Mandamus is available to compel performance of an act by one who has a duty to perform it. State ex rel. Thomas v. Neill, 260 S.W.3d 441, 442 (Mo. App. E.D. 2008). One seeking a writ of mandamus must allege and prove that he had a clear, unequivocal, specific right

4

to the thing claimed. Id. We will issue a writ of mandamus when necessary to prevent injustice or great injury. Id. A writ of mandamus is a proper remedy for a court's failure to comply with the mandates of Rule 29.15. See State ex rel. Volner v. Storie, 386 S.W.3d 795, 796 (Mo. App. S.D. 2012). Here, a writ is necessary to compel the circuit court to perform its obligations under Rule 29.15 and to prevent the injustice that would result if Costello's motion for post-conviction relief on his murder case were left to linger unattended in the robbery case file.

First, the face of the Form 40 filed on January 4, 2013 clearly shows that Costello was seeking post-conviction relief from the murder conviction and was not a filing relating to the robbery conviction. Despite omission of the term "murder," the appellate case number and the date of affirmance on direct appeal cite on the form clearly corresponded to the murder appeal, not the robbery appeal. Whatever else may have been stated in attachments to the form—which the State argues were voluminous, convoluted, rambling and led the court to believe this related only to the robbery—the information Costello provided on Form 40 itself should have been sufficient to put the circuit court on notice that this motion challenged the murder conviction. To the extent there was confusion, the appellate case number cited therein could have been checked to confirm that this was related to the murder case. Moreover, any confusion certainly could have been resolved when Costello and the public defender's officer later fully explained the mistake and made reasonable requests to correct it in their letters and motion to the court. Again, simply checking the accuracy of this explanation would have revealed that the filing was not merely duplicative of what counsel had already filed in the robbery case, as the court stated in response to Costello's letters and motion.

The failure to recognize this filing for what it was caused it to be mishandled from the outset. Upon receipt of the Form 40 relating to the murder conviction filed on January 4, 2013,

the clerk of the circuit court should have opened a new file with a different case number for post-conviction proceedings relating to the murder conviction. It should not have filed it in the robbery post-conviction proceedings. See State v. Macon, 403 S.W.2d 630, 631 (Mo. 1966) (improper to attack two convictions in same proceeding when the judgments thereon were entered at different times). Then, the clerk should have completed the other duties mandated by Rule 29.15(c): deliver a copy of the motion to the prosecutor, notify the sentencing judge and notify the court reporter to prepare and file a transcript of the murder trial.

Moreover, regardless of whether the claims in the pro se motion for post-conviction for the murder conviction were cognizable, properly legally framed or duplicative of the claims in his robbery case, the trial court was required to appoint Costello an attorney. See Bain v. State, 59 S.W.3d 625, 627 (Mo. App. E.D. 2001). Appointment of counsel for an indigent movant is mandatory, not discretionary, under Rule 29.15(e). Storie, 386 S.W.3d at 796. Here, Costello clearly asserted his status as a poor person on the January 4, 2013 Form 40, and the court did not determine otherwise. But, because of the incorrect characterization of this filing, counsel was never appointed to ascertain whether Costello had actually included all the claims that might be available to him regarding the constitutionality of his sentence and conviction after the murder trial and whether an amended motion should be filed. See Rule 29.15(e). Moreover, the fact that Costello had an appointed attorney on his robbery post-conviction case does not satisfy the requirements of Rule 29.15(e) with respect to his murder case. This was a new case for which—as the public defender's office explained in its letter to the court—a new order of the court appointing counsel was necessary for the public defender's office to begin its obligation under the rules to determine Costello's claims, to decide whether to amend and to know when to amend. The time for filing an amended motion depends, in this case, on when counsel was

appointed. Rule 29.15(g). We find no support for the State's and the court's suggestion that Costello had some responsibility to ask his robbery post-conviction counsel to enter an appearance and amend his pro se motion for post-conviction relief from his murder conviction, nor any obligation on the part of the public defender's office to sua sponte provide that service without a court order.

Because the circuit court's handling of the January 4, 2013 filing was erroneous from the start, none of the actions it took thereafter were proper. When considered correctly as a new motion for relief from his murder conviction, none of the court's conclusions about the filing justify its "denial." First, it was not a prohibited successive motion—as suggested by the docket entry calling this "another" post-conviction motion and the court's later reference to it as a "duplicate" of the amended post-conviction motion. See Rule 29.15(l). That would be an incorrect characterization, of course, because a motion directed solely at the murder conviction would not be "successive" to an earlier motion directed at the robbery conviction. See Bain v. 59 S.W.3d at 627 (motion relating to resentencing not successive to motion relating to original sentence). Second, it was filed within days of the mandate affirming the murder conviction, and thus was not "untimely" as the court concluded. See Rule 29.15(b). Moreover, even though the facts underlying the two crimes were the same, the judgments on the convictions for each were entered at different times and after different trials and, therefore, are properly attacked in separate proceedings. See Macon, 403 S.W.2d at 631. Finally, as discussed above, this motion could not be denied for lack of merit before appointing counsel. See Rule 29.15(e).

Costello had a clear, unequivocal and specific right to have his motion properly filed and counsel appointed under Rule 29.15. The circuit court's failure to follow the mandates of that rule have created an unjust situation that, if left uncorrected, would deprive Costello of the

procedures to which he is entitled under the rule for fully asserting a challenge to his murder

conviction.  Thus, the preliminary order in mandamus is made permanent and the circuit court is

directed to:

1) Remove the January 4, 2013 Form 40 and attachments from case number 12SL-CC03273.

2) Open a new file with a different case number and file the January 4, 2013 Form 40 and attachments under that new case number, keeping the January 4, 2013 date as the filing date of the pro se motion under Rule 29.15 relating to Costello's murder conviction.

3) Appoint counsel in accordance with Rule 29.15(e).


ROBERT G. DOWD, JR., Presiding Judge

Lisa P. Page, J. and
Lawrence E. Mooney, J., concur.